Jurline GATES, Plaintiff-Appellant,

v.

The CITY OF DALLAS, Jack Evans, Mayor of the City of Dallas; Charles Anderson, Dallas City Manager; Glen King, Chief of Police, Defendants-Appellees.

No. 83–1344.

United States Court of Appeals, Fifth Circuit.

April 9, 1984.

Rehearing Denied May 7, 1984.

**344**

Robert B. Dennis, Tom Mills, Dallas, Tex., for plaintiff-appellant.

Kent S. Hofmeister, Asst. City Atty., Dallas, Tex., for defendants-appellees.

Before BROWN, REAVLEY and WIL-LIAMS, Circuit Judges.

REAVLEY, Circuit Judge:

This case requires that we decide, among other things, whether the City of Dallas unconstitutionally inhibits rights protected by the First Amendment by charging a person with perjury or filing a false report who files a complaint alleging police misconduct which is later administratively determined by the police to be false. We agree with the district court that the First Amendment is not violated and affirm.

## I. Background

Jurline Gates was arrested for shoplifting on November 4, 1979. Two Dallas police officers soon arrived and took Gates to the Dallas city jail, where she was charged with attempted theft and a drug violation. While at the jail, Gates was strip-searched for drugs by a jail matron and eventually released on bail. Two days later, Gates went to the police department's internal affairs division to register a complaint that one of the transporting officers physically abused her and that the matron conducted herself improperly during the strip search. A Texas statute requires that such a complaint be made in writing and be signed by the complainant. Tex.Rev.Civ.Stat.Ann. art. 6252-20 (Vernon 1970). Dallas Police Department General Order 501.01 recites the requirement of a signed written complaint, adding that "[a]ffidavit form is preferred; however, it is not required." Gates alleges that she was required to swear to her complaint.

The internal affairs division investigated Gates' allegations. In the course of that investigation, Gates agreed to take a polygraph examination, but later refused upon learning that she would be required to sign a waiver of liability. Gates' complaint was ultimately classified as unfounded and on November 26, 1979, she was charged with perjury, a class A misdemeanor.[1] The parties stipulated that the perjury charge was supported by probable cause. The charge was later reduced, however, to that of making a false report to a peace officer, a class C misdemeanor.[2] That charge was eventually tried to a jury, which returned a verdict of not guilty.

Gates filed this action under 42 U.S.C. § 1983 in November 1981. Her major claim was that her First Amendment rights were infringed "by the filing of criminal charges against her because she complained about the conduct of the Dallas Police Department." She also alleged generally that she was denied equal protection—she was subject to criminal prosecution for falsehood in her complaint while

---

1. The Texas perjury statute provides:
   A person commits an offense if, with intent to deceive and with knowledge of the statement's meaning:
   (1) he makes a false statement under oath ...; and
   (2) the statement is required or authorized by law to be made under oath.
   Tex.Penal Code Ann. § 37.02(a) (Vernon 1974).

2. A person commits an offense if he:
   (1) reports to a peace officer an offense or incident within the officer's concern, knowing that the offense or incident did not occur; or
   (2) makes a report to a peace officer relating to an offense or incident within the officer's concern knowing that he has no information relating to the offense or incident.
   Texas Penal Code Ann. § 37.08(a) (Vernon 1974).

the police officers' statements exposed them only to civil penalties. Finally, she asserted that she was denied due process because the police department failed to inform her that she was not required to swear to the contents of her complaint.[3] She sought to enjoin the defendants from "filing criminal charges against persons who complain about conduct of police department personnel"; she also sought damages. The matter was submitted to the district court on stipulated facts in an agreed pretrial order. Although the record contains a list of twelve complaints of police misconduct between June 1977 and February 1981 that led to perjury or false-report charges against the complainant, the stipulated facts contained no reference to a police department practice of filing such charges.

The district court effectively granted summary judgment for the city on all but one of Gates' claims. The court denied summary judgment on the claim that Gates' perjury charge was filed in retaliation for her exercise of her First Amendment right to petition the government. Her resort to the police department's citizen complaint process enjoyed First Amendment protection, and summary judgment was inappropriate in the face of the factual question whether the impermissible purpose of retaliating for this protected conduct was a motivating factor in the decision to prosecute. *See Wilson v. Thompson,* 593 F.2d 1375, 1387 (5th Cir. 1979). This claim, which the district court termed one for "bad faith prosecution," would therefore survive for trial.

Gates wanted to appeal immediately. After unsuccessfully moving the district court to certify an interlocutory appeal under 28 U.S.C. § 1292(b), she filed a motion

waiving the "bad faith prosecution" claim, but also requesting that the district court make findings and enter an order "enjoining the practice of selective prosecution of persons who complain about police misconduct ...." The district court entered an agreed order dismissing "any potential cause of action involving a claim of bad faith prosecution," and entered final judgment.

This case arrives on appeal in a state of some confusion. The equal protection and due process claims were clearly presented by the plaintiff and rejected by the district court.[4] The lower court apparently did not consider the claim that the mere requirement of a written—and perhaps sworn—complaint infringes First Amendment rights because it exposes complainants to the threat of prosecution. Finally, while it upheld against summary judgment what it understood to be Gates' claim that she was prosecuted in retaliation for filing a complaint, the court did not address her more general First Amendment challenge to the police department's alleged practice of filing perjury or false-report charges against those whose complaints it deems unfounded.

## II. Retaliatory Prosecution

Gates' claim for injunctive relief and damages is not the ordinary retaliatory prosecution claim. She does not simply seek damages from those responsible for making the actual decision to file perjury charges in her case. Instead, she sues the city, together with its mayor and police chief, challenging their alleged practice of filing perjury charges when they find a complaint unfounded. She considers any threat of prosecution to chill the First Amendment rights of potential complain-

---

3. The complaint also contained allegations by which Gates purported to represent a class of persons including those who have complained of police misconduct and thereafter been charged with perjury or filing a false report and those who will expose themselves to such charges by filing complaints in the future. Gates never moved to certify the class.

4. The district court also rejected the odd argument that the Chief of Police should "impose a burden on the investigating officer to show knowing falsity when alleging perjury." Gates had stipulated that probable cause existed to charge her with perjury, reasoned the court, and the Texas statute, with its judicially recognized element of "bad faith," was consistent with *Garrison v. Louisiana,* 379 U.S. 64, 85 S.Ct. 209, 13 L.Ed.2d 125 (1964).

ants. Casting the argument in its full breadth, she stipulates that those who filed perjury charges against her had probable cause so to do; she also does not challenge—and we therefore assume—the constitutionality of Texas' perjury and false report statutes under the actual malice standard of *New York Times Co. v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964), as applied to criminal statutes in *Garrison v. Louisiana*, 379 U.S. 64, 85 S.Ct. 209, 13 L.Ed.2d 125 (1964).

We reject the argument that mere exposure to criminal perjury or false-report charges unconstitutionally inhibits conduct protected by the First Amendment. The Constitution affords necessary "breathing space" by protecting erroneous statements honestly made, but it does not protect knowingly false statements or false statements made with reckless disregard of the truth. *Garrison*, 379 U.S. at 74–75, 85 S.Ct. at 215–16; *New York Times*, 376 U.S. at 278–84, 84 S.Ct. at 725–27. The statutes at issue here were obviously designed to discourage knowing falsehood and thereby to enhance the reliability of particularly important statements, such as those made under oath or in the form of unsworn reports to law enforcement officials. Such a goal is clearly legitimate. The freedom of citizens to complain of police misconduct is guarded by "breathing space" for honest misstatement; it is not infringed by a prohibition against knowingly false accusations. The prohibition of constitutionally unprotected knowing falsehoods is therefore not facially overbroad. *See Broadrick v. Oklahoma*, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973). Finally, we agree with the only court to face the question before us: if the state may punish knowingly false complaints, it cannot be unconstitutional to raise the possibility of such punishment by requiring that complaints of police misconduct be in writing or even that they be sworn. *See Appletree v.*

*City of Hartford*, 555 F.Supp. 224, 227 (D.Conn.1983).

Gates next challenges the city's alleged practice of filing perjury or false-report charges when its investigation of a complaint indicates probable cause to believe that the complainant has committed one of these crimes. On the present record, we could find this practice unconstitutional only if those who file such charges upon probable cause can be presumed to be motivated by a retributive purpose, for in submitting the question to the district court Gates offered nothing to support a finding that such was generally the city's motivation. We cannot entertain such a presumption. City officials may have many legitimate reasons to bring perjury charges against a complainant who they have probable cause to believe has lied in his complaint—most notably, to discourage knowingly false complaints. For this very reason, we have placed on plaintiffs alleging retaliatory prosecution the burden of showing that they were or are being prosecuted at least in part to retaliate for constitutionally protected conduct. *Smith v. Hightower*, 693 F.2d 359, 366–87 (5th Cir.1982); *Wilson v. Thompson*, 593 F.2d 1375, 1385–87 (5th Cir.1979). Gates has failed to make the modest evidential showing necessary to withstand summary judgment on this issue, apparently choosing instead to rest on her view that any perjury or false-report prosecution flowing from a citizen complaint is unconstitutional. We therefore reject her challenge to the city's alleged practice of filing charges upon probable cause.[5]

In sum, we hold that Texas may discourage knowingly false complaints by requiring that they be in writing and subject to criminal penalty for filing a false report. We also hold that Dallas may constitutionally serve the same purpose by encouraging sworn complaints and by prosecuting

---

5. Gates has waived the claim that might otherwise stand last in line—that the individual decision to prosecute her for perjury was motivated in part by the desire to retaliate against her for constitutionally protected conduct. This is the claim that withstood summary judgment below, and that the plaintiff waived to enable an immediate appeal on her broader theory that any perjury charge involving a complaint of police misconduct is unconstitutional.

those it has probable cause to believe have filed knowingly false complaints.

### III. Due Process and Equal Protection

 Gates claims that Dallas police officials denied her due process by failing to inform her that her complaint need not be sworn. No reasonable complainant, she insists, would expose himself to the weightier crime of perjury by swearing to the contents of his complaint if he knew that he need only expose himself to the lesser crime of filing a false report by signing without an oath. First, a reasonable complainant firm in his conviction might well be inclined to swear to his complaint to lend credence to its allegations. More to the point, the Texas statutes are notably clear in stating that a complaint of this kind need only be in writing and signed, see Tex.Rev.Civ.Stat.Ann. art. 6252–20 (Vernon 1970); so is the applicable regulation of the Dallas Police Department. The statute, at least, is duly published and available to anyone motivated to file a complaint charging police misconduct; due process requires no more. *See Texaco, Inc. v. Short,* 454 U.S. 516, 102 S.Ct. 781, 70 L.Ed.2d 738 (1982). Gates enhances her due process claim by asserting that the officer with whom she filed her complaint required that she swear to its contents. The district court did not mention this allegation in rejecting the due process claim, and it need detain us only slightly longer.[6] Gates was tried for the lesser of the two crimes—filing an unsworn false report— and we therefore find in the record no compensable consequence flowing from the Internal Affairs Division's misstatement of Texas law.

 Finally, Gates was not denied equal protection by being exposed to criminal prosecution when the police officers responding to her complaints faced only such civil consequences as discipline by the Department. The city responded quite rationally to its goal of discouraging falsehoods in the complaint process by threatening its

policemen with the easily imposed sanction of discharge while relying on the more involved sanction of criminal prosecution in the case of the civilian complainants.

The judgment of the district court is AFFIRMED.

---

**6.** We have already explained that First Amendment freedoms are not infringed by exposing those filing knowingly false complaints to crimi-

nal liability; that holding stands whether the liability is for perjury in a sworn complaint or knowing falsehoods in an unsworn false report.