662 P.2d 155

**The STATE of Arizona, Appellee,**

v.

**Craig Robert CODDINGTON, Appellant.**

**No. 2 CA–CR 2656.**

Court of Appeals of Arizona,
Division 2.

Feb. 28, 1983.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Gerald R. Grant, Asst. Attys. Gen., Phoenix, for appellee.

Holly A. Williams, Bisbee, for appellant.

## OPINION

HATHAWAY, Judge.

A jury convicted appellant of the crime of obstructing criminal investigations or prosecutions in violation of A.R.S. § 13–2409. The presumptive sentence of two years was imposed. A.R.S. § 13–2409 states:

"§ 13–2409. Obstructing criminal investigations or prosecutions; classification

A person who knowingly attempts by means of bribery, misrepresentation, intimidation or force or threats of force to obstruct, delay or prevent the communication of information or testimony relating to a violation of any criminal statute to a peace officer, magistrate or prosecutor or who knowingly injures another in his person or property on account of the giving by the latter or by any other person of any such information or testimony to a peace officer, magistrate or prosecutor is guilty of a class 5 felony."

Appellant contends the forms of verdict did not conform to the wording of the statute, and thus mandate reversal. We do not agree. The forms of verdict required a finding of "material misrepresentation" for conviction, whereas the statute merely uses the word "misrepresentation." Appellant could not have been prejudiced by the additional requirement.

Appellant next contends that the evidence did not sustain the conviction. Viewed most favorably to sustaining the conviction, *State v. Hall,* 129 Ariz. 589, 633 P.2d 398 (1981), the record shows that the charge against appellant arose in connection with a plea agreement for misdemeanor treatment of a possession of marijuana charge against him in exchange for his agreement to give information concerning William Michael Miller, a fellow serviceman and appellant's roommate during May and June of 1980. During this period, Miller had told appellant that he had burglarized the home of Judy Sharpe and had shown appellant a sum of money that he stated was a down payment for Miller's services in arranging for the murder of Lydia Wills. Miller murdered Judy Sharpe and Lydia Wills in June of 1981 and told appellant how he had shot and killed Wills. Investigation of the murders had reached a dead end until an anonymous tip in June of 1981 that Miller was involved. Information was developed that Miller had marijuana in his residence and a search warrant was obtained. In executing the search warrant, marijuana was seized. Appellant, Miller and another man were arrested. An agreement was arranged to give appellant lenient treatment on the marijuana charge in exchange for information on Miller's criminal activities.

When interviewed in connection with the agreement, appellant was asked to relate all information he had concerning Miller's criminal activities. No mention was made to him respecting specific crimes. He stated that Miller had falsely reported a burglary of his own home, but made no mention of the burglary of Sharpe's home or of the murders. When appellant was later arrested, he admitted that Miller had told him about the burglary and the murders and acknowledged that he had withheld the information at the previous meeting.

Appellant contends that since he had not been asked specific questions about Miller's involvement in burglary or murder, he did not expressly deny knowledge of these crimes. The trial court defined "misrepresentation" as "untrue statement of fact." Appellant argues that he did not deny knowing anything about specific burglaries or specific murders, "as he was not asked about them," and "he was apparently prosecuted not for what he said, but for what he did not say." He contends this is contra to the jury instruction on misrepresentation since it does not include omissions as a basis for a misrepresentation. We do not agree.

A misrepresentation may consist of the concealment of what is true as well as the assertion of what is false. *Nairn v. Ewalt,* 51 Kan. 355, 32 P. 1110 (1893); *U.S. v. Sterling Salt Co.,* 200 F. 593, 597 (1912). Where failure to disclose a material fact is calculated to induce a false belief, the distinction between concealment and affirmative misrepresentation is tenuous. *Schock v. Jacka,* 105 Ariz. 131, 460 P.2d 185 (1969).

When one conveys a false impression by the disclosure of some facts and the concealment of others, such concealment is in effect a false representation that what is disclosed is the whole truth. *Equitable Life Ins. Co. of Iowa v. Halsey, Stuart & Co.,* 312 U.S. 410, 61 S.Ct. 623, 85 L.Ed. 920 (1941);

**482**

*Dennis v. Thomson,* 43 S.W.2d 18, 240 Ky. 727 (1931); 37 C.J.S. Fraud, § 16, p. 247; Restatement (Second) of Torts, § 529.

We find appellant's conduct in violation of the statute and affirm the conviction.

HOWARD, C.J., and BIRDSALL, J., concur.