811 P.2d 364

**The STATE of Arizona, Appellee,**

v.

**Robbin Ray TERRELL, Appellant.**

**No. 2 CA–CR 90–0535.**

Court of Appeals of Arizona,
Division 2, Department B.

Feb. 28, 1991.

Review Denied June 11, 1991.

Grant Woods, Atty. Gen. by Paul J. McMurdie and Robert S. Golden, Phoenix, for appellee.

Robert Arentz, Cochise County Public Defender by Laura Cardinal, Bisbee, for appellant.

## OPINION

ROLL, Presiding Judge.

Appellant appeals from the superior court's judgment affirming his justice court conviction and sentence (a fine of $693) for giving false information to a police officer in violation of A.R.S. § 13–2907.01, a class 1 misdemeanor, arguing that the statute is unconstitutional. For the reasons stated below we affirm.

## FACTS

Viewing the facts in the light most favorable to appellee, *State v. Guerra*, 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989), the facts are as follows. On the evening of September 14, 1989, Terrell reported to the Cochise County Sheriff's Department that earlier that evening, two officers followed him as he was walking, stopped their vehicle and detained him. He claimed that the officers then assaulted him but that he was able to struggle loose and flee. Following an investigation, the police concluded that the two officers on duty that evening had not assaulted Terrell. One of the two officers asserted that she was at a restaurant with her husband when the alleged incident occurred. The officer's husband and the restaurant owner corroborated her alibi. The other officer also denied being involved in an assault upon Terrell.

## PROCEDURAL BACKGROUND

Terrell was ultimately charged with filing a false report, in violation of A.R.S. § 13–2907.01.[1] A trial to the justice court

---

1. A.R.S. § 13–2907.01(A) provides as follows:
   It is unlawful for a person to knowingly make to a law enforcement agency of either this state or a political subdivision of this state a false, fraudulent or unfounded report or statement or to knowingly misrepresent a fact for the purpose of interfering with the orderly operation of a law enforcement agency or misleading a peace officer.

was held, and Terrell was found guilty. The superior court affirmed the conviction.

## ISSUES ON APPEAL

On appeal, Terrell argues that A.R.S. § 13–2907.01(A) is unconstitutionally vague, overly broad and "impinges on First Amendment liberties." He contends that the provision gives police unbridled discretion in its enforcement and that here, the investigating agency had the full authority to decide whether to prosecute him, arbitrarily rejecting his story and deciding the officers were innocent. He claims that the statute is not sufficiently definite and would allow prosecution for the submission of any false report, whether it be a false report of crimes, a false report of personal identification or a false witness statement. Additionally, appellant argues that the statute may have a chilling effect on the making of statements to law enforcement officers, in violation of the First Amendment.

## DISCUSSION

As Division One of this court noted in *State v. Steiger*, 162 Ariz. 138, 141, 781 P.2d 616, 619 (1989), "a penal statute is vague if it fails to give persons of average intelligence reasonable notice of what behavior is prohibited or is drafted in such a manner that it permits arbitrary and discriminatory enforcement." The court found A.R.S. § 13–1804(A)(8), the provision against theft by extortion, to be unconstitutional because it lacked specific guidelines regarding its application and prosecutions could be brought against individuals regarded as political opponents and antagonists, thereby resulting in arbitrary and discriminatory enforcement. The court went on to explain that the danger of the provision was that it failed to provide standards for defining the types of threats it prohibited.

■ A.R.S. § 13–2907.01 has no such infirmity. It provides reasonable persons of average intelligence with notice of the specific conduct it proscribes, that is, providing law enforcement agencies with information one knows is false, fraudulent or unfounded, or misrepresenting facts in order to

either interfere with the agency's operation or mislead a law enforcement officer. *Cf. Franzi v. Superior Court*, 139 Ariz. 556, 562, 679 P.2d 1043, 1049 (1984) (court rejected the argument that false swearing statute was unconstitutionally vague). Because of its specificity, the false information statute does not present a danger of arbitrary and discriminatory enforcement. Anyone submitting false or misleading information may be prosecuted. Although it is certainly true that, in some instances, where the facts regarding a given incident are conflicting, the investigating officer and the prosecutor will be required to exercise judgment and discretion, it is no more so than with any other criminal provision which a defendant has been accused of but denies violating. It is for the trier of fact to make the ultimate determinations in this regard, such as whether the information provided was false, fraudulent or unfounded and the accused's knowledge thereof. There is no danger that a certain political group could be singled out for prosecution, such as the court found in *Steiger*. Only those persons providing the kind of information set forth in the statute with the requisite knowledge or purpose may be found in violation of the statute. *See also Gates v. City of Dallas*, 729 F.2d 343 (5th Cir.1984) (statute providing criminal sanctions for knowing submission of false report found not to be unconstitutionally overbroad).

■ We also reject appellant's related argument that the statute is overly broad and that it has a chilling effect on the free flow of information to police officers. First, we find that the class of people who may be prosecuted under the statute is narrowly drawn and that the provision is not overly broad. *Cf. Franzi*, 139 Ariz. at 563–64, 679 P.2d at 1050–51. Second, with regard to the argument that the statute has a chilling effect on constitutionally protected speech, we find the reasoning of the court in *Gates, supra,* to be enlightening:

> The Constitution affords necessary "breathing space" by protecting erroneous statements honestly made, but it does not protect knowingly false state-

**114**

ments or false statements made with reckless disregard of the truth. The statutes at issue here were obviously designed to discourage knowing falsehood and thereby to enhance the reliability of particularly important statements, such as those made under oath or in the form of unsworn reports to law enforcement officials. Such a goal is clearly legitimate.... The prohibition of constitutionally unprotected knowing falsehoods is therefore not facially overbroad. [Citations omitted.]

729 F.2d at 346.

■ Individuals must be deterred from providing law enforcement officers and agencies with any information known to be false, fraudulent or misleading and from intentionally impeding such officers or agencies from carrying out their function. The state has a legitimate interest in facilitating the law enforcement process by discouraging individuals not from communicating with law enforcement officers generally, but from knowingly providing information that will confound the functioning of the justice system. Appellant has failed to overcome the strong presumption of the statute's constitutionality. *See State v. Ramos*, 133 Ariz. 4, 6, 648 P.2d 119, 121 (1982).

### CONCLUSION

We have reviewed the entire record for fundamental error and, having found none, we affirm.

FERNANDEZ, C.J., and HOWARD, J., concur.