956 P.2d 1246

Lawrence WALKER, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF NAVAJO, the Honorable Carolyn Holliday, a judge thereof, Respondent Judge,

STATE of Arizona, Real Party in Interest.

No. 1 CA–SA 97–0234.

Court of Appeals of Arizona, Division 1, Department C.

April 16, 1998.

Myrna J. Parker, Navajo County Public Defender by Cindy L. Wagner, Deputy Public Defender, Holbrook, for Petitioner.

Melvin R. Bowers, Jr., Navajo County Attorney by Kate L. Taber, Deputy County Attorney, Holbrook, for Real Party in Interest.

## OPINION

NOYES, Judge.

¶ 1 A police officer stopped Petitioner's vehicle for expired plates. When Petitioner could not produce a driver's license, the officer asked for his name and social security number, and Petitioner complied. When the officer learned from his dispatcher that no license information existed for the given name and number, the officer accused Petitioner of lying. Petitioner then stated his true name and number. For this, the Navajo County Attorney is prosecuting Petitioner for obstructing criminal investigations, a class 5 felony, in violation of Arizona Revised Statutes Annotated ("A.R.S.") section 13–2409 (1989).

¶ 2 Petitioner told the officer that he had at first lied because his license was suspended. Petitioner had other problems as well: He appeared to have been drinking, he admitted as much, he failed the sobriety tests, and he registered a blood alcohol content over .10. Counts I and II of the indictment charge Petitioner with aggravated driving under the influence and with aggravated driving under the influence with BAC of .10 or more. These pending class four felonies are unaffected by this special action, which involves only the obstruction count.

¶ 3 Petitioner filed a motion to remand the obstruction count to the grand jury and a motion to dismiss it. After the motions were denied, Petitioner obtained a stay of trial and filed this special action. We have jurisdiction pursuant to Arizona Constitution, article 6, section 9, Rule 4(a) of the Rules of Procedure for Special Actions, and A.R.S. section 12–120.21 (1992).

¶ 4 We accept jurisdiction and grant relief because the State instructed the grand jury on only an inapplicable law, and it thus denied Petitioner a substantial procedural right in the grand jury, namely, the due process right to have the grand jury instructed on applicable law. *Crimmins v. Superior Court,* 137 Ariz. 39, 42, 668 P.2d 882, 885 (1983) ("We hold that the citizen's arrest statutes were part of the applicable law given the facts of the case, and it was the duty of the prosecutor as legal advisor to the

grand jury to instruct on that law."); *Trebus v. Davis in and for County of Pima*, 189 Ariz. 621, 623, 944 P.2d 1235, 1237 (1997) ("[Due process] requires the prosecutor to instruct the grand jury on all the law applicable to the facts of the case.").

¶ 5  As we explain shortly, the obstruction statute is inapplicable to the facts of this case because that statute requires three people: a defendant, an officer (or other specified official), and another (a prospective informant or witness). This case has no "another." The State, therefore, obtained an indictment on a charge that is inapplicable as a matter of law. (The parties agree that an applicable statute—if the State elects to use it—is A.R.S. section 13–2907.01, false reporting to law enforcement agencies, a class 1 misdemeanor.)

¶ 6  A.R.S. section 13–2409 (1989) provides as follows:

**Obstructing criminal investigations or prosecutions; classification**

A person who knowingly attempts by means of bribery, misrepresentation, intimidation or force or threats of force to obstruct, delay or prevent the communication of information or testimony relating to a violation of any criminal statute to a peace officer, magistrate, prosecutor or grand jury or who knowingly injures another in his person or property on account of the giving by the latter or by any other person of any such information or testimony to a peace officer, magistrate, prosecutor or grand jury is guilty of a class 5 felony.

¶ 7  Section 13–2409 derives from former section 13–541.01(A),[1] which derived from federal law, namely, from Title 18, section 1510(a) of the United States Code, which provides:

Whoever willfully endeavors by means of bribery to obstruct, delay, or prevent the communication of information relating to a violation of any criminal statute of the United States by any person to a criminal investigator shall be fined under this title,

or imprisoned not more than five years, or both.

¶ 8  More than twenty years ago, in interpreting section 13–541.01(A), this court stated that "[o]ur Legislature ... clearly indicated that for communication to be criminal it must be ... uttered to obstruct, delay or prevent the *communication of information* or testimony relating to the violation of a criminal statute to a police officer...." *State v. Snodgrass*, 117 Ariz. 107, 114, 570 P.2d 1280, 1287 (App.1977). The *Snodgrass* court also observed that the obstruction statute does not criminalize "false unsworn statements relating to one's own allegedly criminal conduct...." *Id.* Although the obstruction statute has been amended since *Snodgrass* was decided, the focus of the statute has not changed, and the *Snodgrass* interpretation of it remains valid.

■  ¶ 9  In obstruction statutes, such as section 13–2409, "[t]he primary subject of protection ... is the transmission of the words of a prospective informant or witness; it is the giving of information for which security is sought." 67 C.J.S. *Obstructing Justice* § 9 (1978).

¶ 10  This prosecution is based on "misrepresentation" in the first part of section 13–2409, which criminalizes the use of "bribery, misrepresentation, intimidation or force or threats of force to obstruct, delay or prevent the communication of information or testimony...." With the exception of "misrepresentation," the conduct specified in the obstruction statute is something a person can do only to someone other than the investigating officer. In theory, perhaps, a defendant could bribe, intimidate, force, or threaten the officer to obstruct, delay, or prevent defendant from communicating information to the officer, but such theory is nonsense.

■  ¶ 11  The obstruction statute makes complete sense, however, if it is viewed as criminalizing conduct that defendant directs at "another." The word "misrepresenta-

---

**1.** In 1977 the legislature renumbered section 13–541.01 as section 13–2409 and amended it by substituting the word "knowingly" for "willfully" throughout, substituting "is guilty of a class 5 felony" for the former punishment language, and

deleting subsection (B). *See* 1977 Ariz. Sess. Laws Ch. 142, § 85. In 1984 the legislature again amended this section, making it applicable to grand juries. *See* 1984 Ariz. Sess. Laws Ch. 304, § 3.

tion" also has meaning in this context. "The [obstruction] statute is violated whenever an individual induces or attempts to induce another person to make a material misrepresentation to a criminal investigator," or whenever an individual makes "a misrepresentation to persons being contacted for information by investigators as to the significance and importance of the information relating to the matter which is the subject of that inquiry." 67 C.J.S. *Obstructing Justice* § 9 (1978).

¶ 12 We hold that "misrepresentation" in the obstruction statute refers to what defendant says or does to a prospective informant or witness; it does not refer to what defendant says or does to an officer who is investigating defendant. Arizona has numerous laws that criminalize false statements to the government officials specified in section 13–2409: peace officers, magistrates, prosecutors, and grand jurors. Arizona also has numerous laws that criminalize attempts to bribe, intimidate, threaten, or injure those persons. Section 13–2409 is not redundant to those other laws; its singular purpose is to address third-party concerns that those other laws do not reach.

¶ 13 Section 13–2409 is a one-sentence statute with two parts, and the second part expressly mentions "another"; it punishes a defendant who "knowingly injures another in his person or property on account of the giving by the latter or by any other person of any such information...." The two parts of the *obstruction* statute therefore form a coherent before-and-after protection plan for informants and witnesses: The first part of the statute punishes the defendant who attempts to obstruct, delay, or prevent another from communicating specified information to law enforcement; the second part punishes the defendant who injures another for having communicated that information. What Petitioner said to the officer was a false statement by Petitioner, but it was not an obstruction by Petitioner of communication by another.

¶ 14 Numerous laws exist to punish those who lie to government officials during traffic stops and elsewhere. We have already mentioned A.R.S. section 13–2907.01, false reporting to law enforcement agencies. Granted, this class 1 misdemeanor is less severe than the obstruction statute, which is a class 5 felony, but perhaps the legislature decided that a class 1 misdemeanor is sufficient penalty for a misrepresentation like the one told by Petitioner. Many motorists make misrepresentations when not under oath, and we have no indication that the legislature considers such persons guilty of a class 5 felony and subject to a fine of $150,000, a 60% surcharge, loss of civil rights, and a prison term of 2.5 years. *See* A.R.S. sections 12–116.01, 12–116.02, 13–702, 13–702.01, and 13–801 (prescribing applicable range of fine, surcharge, and prison term). The Arizona false statement statutes do not provide such a severe penalty for unsworn falsification, or even for some kinds of sworn falsification.

¶ 15 A.R.S. section 13–2704 provides as follows:

A. A person commits unsworn falsification by knowingly:

1. Making any statement which he believes to be false, in regard to a material issue, to a public servant in connection with an application for any benefit, privilege, or license.

2. Making any statement which he believes to be false in regard to a material issue to a public servant in connection with any official proceeding as defined in § 13–2801 [i.e. in "a proceeding before any legislative, judicial, administrative or other governmental agency or official authorized to hear evidence under oath"].

B. Unsworn falsification pursuant to paragraph 1, subsection A, is a class 2 misdemeanor. Unsworn falsification pursuant to subsection A, paragraph 2 is a class 6 felony.

A.R.S. section 13–2703 (1989) provides, "A person commits false swearing by making a false sworn statement, believing it to be false.... False swearing is a class 6 felony." A.R.S. section 13–2702 (Supp.1997) provides that a false sworn statement regarding a material issue is perjury, a class 4 felony.

¶ 16 Except for the perjury statute, the false statement statutes have lesser penalties than the obstruction statute. We doubt that

the legislature intended that a roadside misrepresentation be punished more severely than a false sworn statement, or an unsworn falsification on a material matter in connection with an official proceeding.

¶ 17 Another problem with the State's and the dissent's interpretation of the obstruction statute is that "misrepresentation" describes a very broad range of behavior. For example, "When one conveys a false impression by the disclosure of some facts and the concealment of others, such concealment is in effect a false representation that what is disclosed is the whole truth." *State v. Coddington,* 135 Ariz. 480, 481, 662 P.2d 155, 156 (App.1983) (citations omitted). Does the dissent argue that it is now a class 5 felony in Arizona to tell the officer you had two beers when you had four? Probably not, but the dissent's interpretation of the obstruction statute opens it up to that sort of application. The legislature has long accepted the *Snodgrass* interpretation of the obstruction statute, and we continue to do so.

¶ 18 The dissent relies on *Coddington,* but that case does not contradict our holding (or the *Snodgrass* holding) that the "communication" element of the obstruction statute does not apply to "statements regarding one's own allegedly criminal conduct." *See Snodgrass,* 117 Ariz. at 114, 570 P.2d at 1287. The *Coddington* defendant was an informant who failed to fully disclose the criminal conduct of certain targets. 135 Ariz. at 481, 662 P.2d at 156. We do not discuss whether the obstruction statute was applicable in *Coddington,* for that was not an issue in the case, but we note that *Coddington* involved officers, targets of a criminal investigation, and "another." (In that case, however, the "another" was the informant, and he got indicted for making misrepresentations about the targets.) The present case lacks any "another." In the present case, Petitioner made a misrepresentation about himself during an investigation of himself. The obstruction statute is inapplicable to such facts.

¶ 19 The case is remanded with directions to grant Petitioner's motion to remand Count III to the grand jury.

KLEINSCHMIDT, J., concurs.

GRANT, Judge, concurring in part; dissenting in part.

¶ 20 I respectfully dissent in part from the majority opinion. In order to put this decision in perspective, further background information beyond that set forth by the majority may be helpful.

¶ 21 Lawrence Walker ("Petitioner") sought special action review of the trial court's orders denying his Motion to Remand for Redetermination of Probable Cause and his Motion to Dismiss Count III of the Indictment. A grand jury indicted Petitioner on three counts: (1) Aggravated Driving Under the Influence (Count I), (2) Aggravated Driving Under the Influence with a B.A.C. of .10 or more (Count II), and (3) Obstructing a Criminal Investigation (Count III). Petitioner moved for remand to the grand jury for redetermination of probable cause, and for dismissal of Count III. The trial court denied both motions, and Petitioner filed this special action.

¶ 22 A special action petition prior to trial is a defendant's only avenue of relief for review of the trial court's denial of a Motion for Redetermination of Probable Cause. *State v. Gortarez,* 141 Ariz. 254, 258, 686 P.2d 1224, 1228 (1984). A defendant has only two grounds on which to challenge the grand jury's finding of probable cause. These are: (1) denial of a substantial procedural right and (2) concurrence in the indictment by an insufficient number of qualified grand jurors. Ariz. R.Crim. P. 12.9(a); *State v. Baumann,* 125 Ariz. 404, 409, 610 P.2d 38, 43 (1980). Only the first ground concerns us in this case. While I concur in the majority's decision to remand the case with directions to grant Petitioner's Motion to Remand Count III to the grand jury, I do not agree that remand is required because the grand jury was instructed on inapplicable law.

¶ 23 Petitioner claims that remand to the grand jury for a redetermination of probable cause is appropriate because he has been denied a substantial procedural right. *See* Ariz. R.Crim. P. 12.9(a); *see also State ex rel. Woods v. Cohen,* 173 Ariz. 497, 502, 844 P.2d 1147, 1152 (1992). That right, according to Petitioner, is the right to have the grand jury

instructed on A.R.S. section 13–2907.01—False reporting to law enforcement agencies ("the false reporting statute"). Petitioner argues that A.R.S. section 13–2907.01 is more appropriate to the facts of this case than the section on which the grand jury was instructed—A.R.S. section 13–2409—Obstructing criminal investigations or prosecutions ("the obstruction statute"). The former is a misdemeanor, the latter a felony.

¶ 24  "[C]hoosing the appropriate crime with which to charge a defendant is a matter of prosecutorial discretion." *State v. Bedoni,* 161 Ariz. 480, 483, 779 P.2d 355, 358 (citation omitted). Therefore it is relevant to our decision in this case that the prosecution could have chosen other statutes under which to charge the instant crime but chose the obstruction statute. *Bedoni* dictates that the fact Petitioner could have been prosecuted under some *other* statute does *not* negate the fact that he can be prosecuted under the obstruction statute—at the prosecutor's discretion—as long as the elements are there.

¶ 25  Generally, this court does not accept jurisdiction of petitions for special action seeking review of orders denying motions to dismiss. *United States v. Superior Ct.,* 144 Ariz. 265, 269, 697 P.2d 658, 662 (1985). However, accepting jurisdiction and remanding with direction to grant Petitioner's motion for a new determination of probable cause is appropriate special action relief. Petitioner argues that he was denied his right to a fair and impartial presentation of the evidence to the grand jury when the prosecutor failed to instruct the grand jury on the false reporting statute, instead instructing on the obstruction statute. I believe, contrary to the majority, that Petitioner's argument is irrelevant. If a violation of the law can be charged under more than one statute, the defendant has no right to choose the statute by which he will be charged. That discretion belongs solely to the prosecutor. *Bedoni,* 161 Ariz. at 483, 779 P.2d at 358 (citation omitted). If the prosecutor chooses an incorrect statute, either the grand jury will not indict or the charge will be dismissed at trial or the trial jury will not convict.

¶ 26  Petitioner also argues that we should interpret A.R.S. section 13–2409 in such a way as to render its violation an inappropriate charge under the facts of this case. Statutory interpretation is a question of law. *Barry v. Alberty,* 173 Ariz. 387, 389, 843 P.2d 1279, 1281 (App.1992). We review questions of law *de novo. Special Fund Div. v. Industrial Comm'n,* 184 Ariz. 363, 365, 909 P.2d 430, 432 (App.1995). The majority engages in some speculation about the legislature's intended use of A.R.S. section 13–2409, but that is an improper standard of review. The fundamental principles of statutory construction start with a consideration of the plain meaning of the language of the statute. If the plain language is clear and unequivocal, we must find it determinative. *Barry,* 173 Ariz. at 390, 843 P.2d at 1282 (citations omitted). "When interpreting statutes, we look first to their language; if it is plain and unambiguous, we apply it without resorting to other rules of statutory construction." *Dugan v. Fujitsu Bus. Communications Sys., Inc.,* 188 Ariz. 516, 518, 937 P.2d 706, 708 (App.1997) (citation omitted).

¶ 27  Petitioner argues that any delay caused by his misrepresentation was minuscule and, therefore, conviction on these facts would be an absurd result. However, the crime lies in the attempt to delay (or prevent) the criminal investigation or prosecution, not in the delay itself. Even a "minuscule" delay is sufficient under the statute. Furthermore, this court has held that even omissions to a law enforcement official constitute misrepresentation for the purpose of the statute. *State v. Coddington,* 135 Ariz. 480, 481, 662 P.2d 155, 156 (App.1983) (Defendant's conduct, when asked to relate all information he had concerning a certain person's criminal activities, in stating that the person had falsely reported a burglary of his own home, but making no mention of burglary of another person's home or murders to which the person had confessed, was sufficient to support a violation of this statute.).

¶ 28  Petitioner's argument is really an argument of insufficient evidence before the grand jury, a matter which we do not review. *State ex rel. Collins v. Kamin,* 151 Ariz. 70, 72, 725 P.2d 1104, 1106 (1986). In this case,

the Indictment charges that Petitioner knowingly lied to an officer about his name and social security number, which was information relevant to the officer's investigation of an Aggravated Driving Under the Influence crime. Thus, Petitioner attempted by misrepresentation to delay or prevent the communication of information relating to a criminal investigation to an officer.

¶ 29 In *Bedoni*, the defendant's false acknowledgment risked trouble for some unknown person. The same is true in the instant case as evidenced by the following testimony from the grand jury transcript:

Q. When Sergeant Stevens asked the driver for his name, did he first give the name of Pete and last name would be spelled C–H–I–N–C–L–E?

A. That is correct.

Q. Did he also give certain date of birth and social security number?

A. Yes, he did.

Q. So when Officer Stevens received that information, did he try to ask dispatch to run a check to see if there was any problem with this person's driver's license?

A. Yes, he did.

Q. Under that name and social security number and date of birth, did dispatch come back and state they could not find any information regarding a driver's license for that person?

A. That is correct.

Q. Does Sergeant Stevens then tell the driver he believed the driver was not telling him the truth, and again asked who he was?

A. That is correct.

Q. Did he then of [sic] state the name Lawrence or Larry Walker and gave a different date of birth and a different social security number other than the one he just gave?

A. That is correct.

Q. And Mr. Walker's first name and date of birth he gave were his cousin's name and did he also state the reason he didn't give his name and gave a different name and social security number was he knew his license was suspended, basically, and didn't want to get into trouble?

A. That is correct.

Q. Did a driver's license given on Mr. Walker's driver's license check—was there one run on Mr. Walker's driver's licence [sic]?

A. Yes, it was.

Q. And did it come back suspended?

A. Yes.

Q. And it was revoked?

A. Yes, it was.

Q. Could the fact that the officer was given a different name, and date of birth, social security number, could that had interfered [sic] with the investigation of Mr. Walker's driver's license statutes?

A. Yes, it could.

¶ 30 The statute in question, A.R.S. section 13–2409, states: "A person who knowingly attempts by means of . . . misrepresentation, . . . to obstruct, delay or prevent the communication of information . . . relating to a violation of any criminal statute to a peace officer, . . . is guilty of a class 5 felony." The majority gives the statute an incorrect and tortured interpretation adding language to the statute in order to do so. The statute is in the disjunctive with the second part stating: "[a person] who knowingly injures another in his person or property on account of the giving by the latter or by any other person of any such information . . . to a peace officer . . . is guilty of a class 5 felony."

¶ 31 The majority states that with the exception of "misrepresentation," all of the conduct specified by A.R.S. section 13–2409 is something a defendant can do only to a person other than the investigating officer. The majority is simply wrong on this point. Obviously, a defendant can attempt to, or actually can, bribe a police officer directly in order to prevent the officer from charging him with a crime. No third person is necessary. The majority claims that: "[t]he obstruction statute makes complete sense . . . if it is viewed as criminalizing conduct that defendant directs at 'another.' " The majority then simply tosses "misrepresentation" into this tortured analysis. Apparently, the majority believes a defendant can misrepresent facts directly to an officer without legal

consequence under this statute, but may not induce another to do so. The majority also fails to take into account the quite frequent situations in which several co-defendants are under investigation. Under the majority theory if one co-defendant induces another co-defendant to misrepresent facts to an officer, that act is a violation of this statute. However, if a co-defendant misrepresents facts of his own volition directly to an officer, it is not a violation. I cannot believe our legislature intended such an absurd result.

¶ 32 There are two ways to violate this statute. Petitioner is charged with the first method—misrepresentation to an officer in order to obstruct or delay the communication of information relating to a violation of any criminal statute. Thus, Petitioner's act of giving the officer false information regarding his name and social security number when the officer was investigating an aggravated DUI charge was in clear violation of A.R.S. section 13–2409.

¶ 33 I believe the grand jury could properly find probable cause for the charge of obstructing a criminal investigation in violation of A.R.S. section 13–2409. Therefore, the State did not err by instructing the grand jury on this statute. In *Trebus v. Davis in and for County of Pima*, 189 Ariz. 621, 623, 944 P.2d 1235, 1237 (1997), our supreme court held that due process requires the prosecutor to instruct the grand jury on all the applicable law. I do not join the majority in interpreting the obstruction statute so that it is rendered inapplicable.

¶ 34 Although I do not agree that the grand jury was improperly instructed in this case, I concur in the decision to remand with directions to grant Defendant's Rule 12.9 Motion to Remand to the Grand Jury for Redetermination of Probable Cause due to the passage of time and to allow the prosecution to select another statute with which to charge Defendant, if the prosecution so chooses. However, that is not to say I believe doing so is at all necessary.