33 P.3d 791

The STATE of Arizona, Appellant,

v.

Louie CARRASCO, Appellee.

No. 2 CA–CR 00–0337.

Court of Appeals of Arizona,
Division 2, Department A.

Oct. 30, 2001.

Barbara LaWall, Pima County Attorney, By Elizabeth Hurley, Liliana Ortega, and Lewis Brandes, Tucson, for Appellant.

Vernon E. Peltz, Tucson, for Appellee.

*OPINION*

FLÓREZ, J.

 ¶1 Appellant State of Arizona challenges the trial court's grant of appellee Louie Carrasco's renewed motion for judgment of acquittal after a jury found Carrasco guilty of obstructing a criminal investigation or prosecution. We view the facts in the light most favorable to upholding the jury's verdict, and we review the trial court's grant of Carrasco's renewed motion for judgment of acquittal for an abuse of discretion. *See State ex rel. Hyder v. Superior Court*, 128 Ariz. 216, 624 P.2d 1264 (1981). Finding such abuse here, we reverse.

¶2 Although the state failed to see that we were provided with complete transcripts of Carrasco's trial, Carrasco conceded in his answering brief that "[t]he [s]tate's version of the case presented at trial [as described in its opening brief] is essentially correct." Accordingly, we accept the following as uncontested facts.[1] *See Brousseau v. Fitzgerald*, 138 Ariz. 453, 675 P.2d 713 (1984) (adopting facts agreed upon in briefs where no record of trial court proceedings available). While representing his cousin who had been charged with sexually abusing his two minor stepdaughters and another fifteen-year-old female, Carrasco, an attorney, telephoned the shelter where Child Protective Services had placed the girls. Carrasco told one of the shelter workers that he was the victims' attorney, and that he wanted to speak with R., the younger of his cousin's stepdaughters. The shelter worker stated that, absent Carrasco's misrepresentation, she would not have allowed him to speak with R. During his subsequent conversation with R., Carrasco informed her that she did not have to speak with the police investigators. In his answering brief, Carrasco states that after that conversation, R. told the in-

---

1. At oral argument, Carrasco argued that the absence of complete trial transcripts requires us to assume that the record supported the trial court's decision to grant Carrasco's renewed motion for judgment of acquittal. " 'While it is true that the court may not consider questions ... of fact, in the absence of a transcript the court must consider questions of law which are raised by the record transmitted to the court.' " *Brousseau v. Fitzgerald*, 138 Ariz. 453, 457, 675 P.2d 713, 717 (1984), *quoting Hall v. Bowman*, 88 Ariz. 409, 412, 357 P.2d 149, 151 (1960). The absence of transcripts on appeal does not require us to assume the record supports the trial court's ruling here because, as will be developed more fully, the true issue on appeal is a question of law: whether, in the trial court's words, "a misrepresentation to a third party rather than a potential informant" violates A.R.S. § 13-2409.

vestigators that "[U]ncle Louie [had] told her she did not have to talk to the police."

¶ 3 Carrasco was charged with obstructing a criminal investigation or prosecution in violation of A.R.S. § 13–2409, a class five felony. After the jury found Carrasco guilty of the charge but before he was sentenced, Carrasco renewed the motion for judgment of acquittal he had filed prior to the close of trial. The trial court rejected five of the arguments Carrasco made in support of his motion, but it agreed with Carrasco that "a misrepresentation to a third party rather than a potential informant does not [fall within the ambit of] A.R.S. [§ ] 13–2409," and granted Carrasco's motion for judgment of acquittal. This appeal followed.[2]

## Application of § 13–2409

¶ 4 The state contends that "[t]he trial court erroneously held that A.R.S. § 13–2409 requires proof that the misrepresentation was made directly to the child victim." We review de novo the trial court's interpretation of a statute. *See In re $3,636.24 U.S. Currency*, 198 Ariz. 504, 11 P.3d 1043 (App. 2000). "If the language of a statute is clear and unambiguous, this court must give it effect. In doing so, 'we must read the statute as a whole and give meaningful operation to each of its provisions.'" *Id.* at ¶ 10, 11 P.3d 1043 (citation omitted), *quoting Ruiz v. Hull*, 191 Ariz. 441, ¶ 35, 957 P.2d 984, ¶ 35 (1998).

¶ 5 Section 13–2409 provides that a person is guilty of obstructing a criminal investigation or prosecution if he or she "knowingly attempts by means of bribery, misrepresentation, intimidation or force or threats of force to obstruct, delay or prevent the communication of information or testimony relating to a violation of any criminal statute to a peace officer." Carrasco argues that he did not make any misrepresentations to R. because his statement to her that she was not required to talk to police was entirely accurate. Our criminal code generally does not prohibit a person from advising

another of his or her rights. *See State v. Snodgrass*, 117 Ariz. 107, 570 P.2d 1280 (App. 1977). However, Carrasco did misrepresent his role in the investigation to the shelter worker in order to gain access to R. We hold that § 13–2409 encompasses the conduct that occurred here—a misrepresentation to a minor child's caregiver, rather than to a child victim or witness directly, for the purpose of obstructing, delaying, or preventing the victim or witness from communicating relevant information concerning an alleged crime to a peace officer.

¶ 6 The trial court construed § 13–2409 narrowly, so as to require that any misrepresentation be made to a victim or witness directly. But as the state points out, § 13–2409 does not, on its face, contain such a requirement. We construe our criminal statutes "according to the fair meaning of their terms to promote justice and effect the objects of law." A.R.S. § 13–104. From the broad language of the statute, we can infer the legislature intended to prohibit anyone from utilizing misrepresentation to attempt to interfere with a criminal investigation or prosecution by preventing or delaying a witness's communication of information to the police. *See* A.R.S. § 13–101(1) (our criminal code seeks "[t]o proscribe conduct that unjustifiably and inexcusably causes or threatens substantial harm to … public interests"); *cf. State v. Terrell*, 168 Ariz. 112, 114, 811 P.2d 364, 366 (App.1991) (acknowledging that "[t]he state has a legitimate interest in facilitating the law enforcement process by discouraging individuals … from knowingly providing information that will confound the functioning of the justice system," in upholding constitutionality of statute prohibiting false reporting to law enforcement). In his role as attorney for his cousin, the accused, Carrasco could not possibly have had any other intention in advising R. that she did not have to talk to the police other than to discourage her from cooperating with the police in the investigation of R.'s own victimization. Carrasco violated § 13–2409 when he lied to the shelter worker for the purpose of thwarting this investigation.[3]

---

**2.** The state withdrew its procedural challenge to the trial court's grant of Carrasco's renewed mo-

tion for judgment of acquittal during oral argument before this court.

**3.** Furthermore, we note that Carrasco was pro-

¶ 7 Moreover, we disagree with Carrasco that in *Walker v. Superior Court*, 191 Ariz. 424, 956 P.2d 1246 (App.1998), which the trial court relied on in granting Carrasco's renewed motion for judgment of acquittal, Division One made "it clear that ... a 'misrepresentation' ... must be made to a prospective informant or witness." In that case, the defendant had given police a false name and social security number during a traffic stop. The state prosecuted him under § 13–2409. In granting the defendant special action relief by remanding the obstructing a criminal investigation count against the defendant to the grand jury, Division One held that " 'misrepresentation' in the obstruction statute refers to what defendant says or does to a prospective informant or witness; it does not refer to what defendant says or does to an officer who is investigating defendant." *Id.* at ¶ 12, 956 P.2d 1246. The court explained that "the obstruction statute is inapplicable to the facts of this case because that statute requires three people: a defendant, an officer ... and another (a prospective informant or witness). This case has no 'another.' " *Id.* at ¶ 5, 956 P.2d 1246.

¶ 8 Factually, *Walker* is entirely distinguishable. There, the defendant had "made a misrepresentation about himself during an investigation of himself." *Id.* at ¶ 18, 956 P.2d 1246. Here, in contrast, Carrasco was not trying to thwart an investigation into his own wrongdoing by giving false information directly to the police. Moreover, the court in *Walker* never considered whether "another" may also include a third person to whom a defendant has made a misrepresentation in order to prevent a victim or witness from aiding a police investigation.

¶ 9 Additionally, Carrasco concedes that *Walker* "neither states nor implies that a bribe[,]" one of the other means by which a person could violate § 13–2409, "would have to be made to a potential informant or witness" before a person could be charged with obstructing a criminal investigation or prosecution. We see no distinction between the legislature's treatment of bribery and its

treatment of misrepresentation in the plain language of § 13–2409. As we have previously explained, our interpretation of § 13–2409 promotes the statute's goal of prohibiting people from using misrepresentation to hinder the police's ability to communicate with witnesses. Because Carrasco violated § 13–2409 by misrepresenting his identity to the shelter worker for the purpose of gaining access to R. to advise her of her right not to speak with the police, we conclude that the trial court abused its discretion in granting Carrasco's motion for judgment of acquittal. *See State ex rel. Hyder.*

### Constitutionality of § 13–2409

¶ 10 In his answering brief, Carrasco contends that we may affirm the trial court's order on the alternative ground that § 13–2409 is unconstitutional because it unlawfully restricted his freedom of speech and it is vague and overbroad as applied to him. *See State v. Perez*, 141 Ariz. 459, 687 P.2d 1214 (1984). The trial court rejected Carrasco's constitutional challenges, and we review its ruling de novo. *See State v. Taylor*, 196 Ariz. 584, 2 P.3d 674 (App.1999). We presume that § 13–2409 is constitutional, and Carrasco has the burden of overcoming this presumption. *See State v. Bonnewell*, 196 Ariz. 592, 2 P.3d 682 (App.1999). Carrasco has not met his burden.

### 1. Restriction on Carrasco's Freedom of Speech

¶ 11 Relying on the First Amendment and article II, § 6, of the Arizona Constitution, Carrasco argues that he "was being prosecuted for pure speech," which "is protected except for a few exceptions, such as ... false or fraudulent speech or perjury." *See Terrell*, 168 Ariz. at 113–14, 811 P.2d at 365–66 (" 'The Constitution affords necessary 'breathing space' by protecting erroneous statements honestly made, but it does not protect knowingly false statements or false statements made with reckless disregard of the truth.' "), *quoting Gates v. City of Dallas*, 729 F.2d 343, 346 (5th Cir.1984). By defini-

---

hibited from directly contacting R. by A.R.S. § 13–4433(B) which states: "The defendant, the defendant's attorney or an agent of the defendant shall only initiate contact with the victim through the prosecutor's office."

tion, the term "misrepresentation" means the "concealment of what is true as well as the assertion of what is false." *State v. Coddington*, 135 Ariz. 480, 481, 662 P.2d 155, 156 (App.1983). Misrepresentation is false speech; in common parlance, lying.

¶ 12 Carrasco contends that he was prosecuted "simply because he told [R.] that she need not speak with the police." He was prosecuted, however, for violating § 13–2409 by lying to another in order to gain access to R., so that he could then advise her that she did not have to talk to the police. Carrasco is correct that a person would not violate § 13–2409 simply by informing a "witness, client, friend, or any other person" that he or she did not have to .speak with the police. *See Snodgrass.* But a person does violate the statute by knowingly making a misrepresentation to the caregiver of a minor child victim or witness, as Carrasco did here, to hinder a criminal investigation or prosecution. Accordingly, § 13–2409 does not unconstitutionally prohibit protected speech.

### 2. Vagueness

¶ 13 Carrasco argues that § 13–2409 is vague because "this application of the statute criminalize[s] protected speech." "A statute is unconstitutionally vague if it does not provide persons of ordinary intelligence reasonable notice of prohibited behavior and if it 'fails to provide explicit standards for those who apply it,' allowing for arbitrary and discriminatory enforcement." *State v. Anderson*, 199 Ariz. 187, ¶ 15, 16 P.3d 214, ¶ 15 (App.2000), *quoting State v. Tocco*, 156 Ariz. 116, 118, 750 P.2d 874, 876 (1988). Carrasco's vagueness argument rests on his assertion that his conduct purportedly amounted to protected speech. As previously explained, a false statement is not protected speech in this context. *See Terrell.* Because the statute clearly describes the conduct it proscribes, we conclude that a person of reasonable intelligence has reasonable notice of the circumstances under which it applies. *See Anderson.*

### 3. Overbreadth

¶ 14 Carrasco also argues that § 13–2409 is overbroad because "this applica-

tion of the statute deter[s] privileged activity." A statute is unconstitutionally over broad when it prohibits or deters conduct protected by the First Amendment. *State v. Weinstein*, 182 Ariz. 564, 898 P.2d 513 (App. 1995). Carrasco argues that under our interpretation of § 13–2409, "[a]ll attorneys will be deterred from advising their clients that they are not required to speak with the police, as will other laypersons." Again, the basis of the charge against Carrasco was not strictly his statements to R. that she did not have to talk to police; he was prosecuted only because he made his otherwise permissible statements to R. in conjunction with his lie to the shelter worker, who then (and only because of Carrasco's misrepresentation) permitted him access to R., the victim. Given the plain language of § 13–2409, attorneys will not be deterred from giving clients advice, but attorneys are, and should be, accountable for false statements they make in order to accomplish the illegal objective of obstructing a criminal investigation or prosecution. Because, as we have already noted, the statute is not violated unless and until a person makes a misrepresentation or commits other conduct specified in the statute, we conclude that the statute is not overbroad.

¶ 15 We reverse the trial court's grant of Carrasco's motion for judgment of acquittal, reinstate the jury's verdict, and remand for sentencing. Additionally, we instruct the clerk of this court to forward a copy of this opinion to the disciplinary department of the State Bar of Arizona.

CONCURRING: J. WILLIAM BRAMMER, JR., Presiding Judge, and JOHN PELANDER, Judge.