828 P.2d 1258

**The STATE of Arizona, Appellee,**

v.

**Michael Dale BERGER, Appellant.**

**No. 2 CA-CR 90-0143.**

Court of Appeals of Arizona, Division 2, Department B.

Feb. 28, 1992.

Redesignated as Opinion April 15, 1992.

Grant Woods, The Atty. Gen. by Paul J. McMurdie and Linda L. Knowles, Phoenix, for appellee.

Susan A. Kettlewell, Pima County Public Defender by Nancy F. Jones, Tucson, for appellant.

## OPINION

FERNANDEZ, Presiding Judge.

After a hearing held pursuant to Rule 11, Ariz.R.Crim. P., 17 A.R.S., the trial court found appellant incompetent to stand trial but with a substantial probability that his competency could be restored. Appellant was ordered to be transported to the Maricopa County Jail Mental Health Unit for a period not to exceed 150 days. He was subsequently returned to Pima County and found guilty of three criminal counts. On

appeal, appellant contends that the court erred in 1) not holding a hearing to determine his competency following his return to Pima County, 2) denying his request for additional competency hearings prior to trial, and 3) obtaining an improper waiver of his right to a jury trial on the state's allegation of a prior conviction. We affirm in part and remand in part for further proceedings.

In October 1988, appellant was seen by an undercover police officer walking along the street carrying a power drill and a power screw gun. Appellant went over to the officer's car and asked him if he wanted to buy the tools for $5, telling the officer that he had just stolen them from a nearby truck. Appellant told him that he did not like to steal, but he needed money to buy marijuana. Appellant was charged with burglary, theft, and trafficking in stolen property, and the state alleged that appellant had a prior conviction.

### FAILURE TO HOLD NEW COMPETENCY HEARING

■ At the Rule 11 hearing, appellant's expert, Dr. Barry Morenz, testified that appellant was incompetent to stand trial because of his disturbed thinking, auditory hallucinations, and inability to concentrate. The doctor testified that appellant is a chronic undifferentiated schizophrenic. He also stated that, in his opinion, appellant could be restored to competency if he were placed on medication. The state's expert, Dr. Martin Levy, examined appellant two months after Dr. Morenz did at a time when appellant told him he was taking medication. Dr. Levy found that appellant had a tendency to become tangential in his thinking but that he was competent to stand trial. He agreed with Dr. Morenz that appellant is schizophrenic. Judge Velasco found that appellant was incompetent to stand trial and was unable to understand the nature of the charges or to assist his attorney in his defense. The court also determined that there was a substantial probability that his competency could be restored.

Three months after appellant was admitted to the Maricopa County Jail Mental Health Unit, Dr. Thomas Nelson wrote the trial court that he believed appellant had been restored to competency. Dr. Nelson's report indicated that appellant had a twenty-year history of schizophrenia and that he has been hospitalized for it a number of times over the years. The report stated that appellant was now stabilized and sufficiently understood the roles of courtroom personnel, the charges against him, some of his constitutional rights, and the nature and ramifications of a plea bargain. Dr. Nelson also indicated that appellant had stabilized a month previously but then refused to take his medication for a while and his condition had worsened. The doctor stated that appellant had told him he had stopped taking his medication on other occasions.

Without holding an additional competency hearing, Judge Velasco ordered appellant returned to Pima County. At a subsequent status conference, at which appellant was not present, the case was set for a pretrial conference and, later, for trial. Appellant was released on bond on October 24, 1989, and trial began January 16, 1990.

Appellant argues that the court erred in failing to hold a new competency hearing subsequent to his return from the Maricopa County Jail Mental Health Unit. Pursuant to Rule 11.6(a)(1), Ariz.R.Crim.P., 17 A.R.S., when the court receives a report from the institution where a defendant has been sent after he has been found incompetent to stand trial that states that the defendant has been restored to competency, it "shall hold a hearing to redetermine the defendant's competency." Prior to the adoption of this rule, the same language was contained in a statute and was held to be mandatory. *State v. Hehman*, 110 Ariz. 459, 520 P.2d 507 (1974); *State v. Blazak*, 105 Ariz. 216, 462 P.2d 84 (1969). Therefore, we agree with appellant that the trial court was required to hold a new hearing. We find no merit to the state's contention that the court can implicitly find a defendant competent by proceeding to trial. A

new hearing following a determination of incompetency is mandatory.

■ Appellant contends that his convictions must be reversed and the case remanded for a redetermination of his competency to stand trial and for a new trial. We believe, however, that the proper procedure is to remand for a determination of whether a retrospective finding can be made that appellant's competency had been restored. *See State v. Wagner*, 114 Ariz. 459, 561 P.2d 1231 (1977); *State v. Cameron*, 146 Ariz. 210, 704 P.2d 1355 (App.1985). If, after a hearing, the court finds it is able to determine that appellant was incompetent or that it is unable to make a retrospective determination, then appellant's convictions are reversed and he is entitled to a new trial. If the court determines that appellant was competent, then his convictions are affirmed.

### DENIAL OF REQUEST FOR ADDITIONAL COMPETENCY EXAMINATIONS

■ Prior to trial, appellant's counsel moved for an additional Rule 11 evaluation before Judge Hantman. The motion was based on appellant's prior history of mental illness and numerous hospitalizations and the doctor's opinion that appellant would become incompetent when he did not take his medication. The issue of the court's failure to have a new hearing pursuant to Rule 11.6(a)(1) was not raised in the motion. Appellant's counsel stated that she had not seen appellant because he was out of custody and did not have a regular address. At a status conference, the court questioned appellant who stated that he had been taking his medication. The court denied the motion for re-evaluation, stating that appellant appeared to be competent to stand trial.

The day before trial, appellant's counsel made an oral motion for a Rule 11 re-evaluation to Judge Hantman. Counsel produced records detailing appellant's previous history of mental illness and hospitalizations and advised the court that a doctor who had examined appellant two weeks earlier had found him competent but had

stated that his mental condition was fragile and that he could become incompetent if he were subjected to stress or failed to take his medication. The court denied the motion. Immediately before the start of trial, Judge Kelly questioned appellant about his understanding of the proceedings and ascertained that appellant had been taking his medication. The court found that appellant was oriented as to time, place, and person and appeared to be capable of assisting with his defense.

Appellant contends that the court erred in denying the requests for additional competency hearings. In examining Rule 11 procedures, our supreme court recently stated:

> Due process requires that the state 'observe procedures adequate to protect a defendant's right not to be tried or convicted while incompetent.' *Drope v. Missouri*, 420 U.S. 162, 172, 95 S.Ct. 896, 904, 43 L.Ed.2d 103[, 113] (1975). The inquiry is whether defendant 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, and whether he has a rational as well as a factual understanding of the proceedings against him.' *Dusky v. United States*, 362 U.S. 402, 403, 80 S.Ct. 788, 789, 4 L.Ed.2d 824[, 825] (1960).

*State v. Amaya–Ruiz*, 166 Ariz. 152, 161–62, 800 P.2d 1260, 1269–70 (1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 2044, 114 L.Ed.2d 129 (1991). An assertion by counsel that a defendant is displaying peculiar behavior is not sufficient by itself to raise a question of the defendant's competency. *State v. Williams*, 122 Ariz. 146, 593 P.2d 896 (1979).

Based on the evidence before the court at the time the motions were made, we find no abuse of discretion in the court's denial of the requests for further evaluations.

### VALIDITY OF JURY WAIVER ON PRIOR CONVICTIONS

■ After he was found guilty on all three counts, appellant requested that the prior conviction allegation be tried to the

court. The court questioned appellant and found that his waiver of his right to a jury trial on the prior conviction was intelligent and voluntary. The court subsequently found that appellant ·had been previously convicted of a felony.

Appellant contends that his waiver was not valid because the court did not make an express finding that he was competent to waive his right to a jury trial. In *State v. Decello*, 111 Ariz. 46, 49, 523 P.2d 74, 77 (1974), the supreme court held that a defendant who is represented by counsel and who is competent to stand trial need not be given, "absent other facts," a further hearing as to his competency to waive his right to a jury. Because there were other facts here, such as appellant's twenty-year history of schizophrenia and hospitalizations, the court's failure to hold a hearing to redetermine his competency to stand trial, the fact that appellant did not testify at trial, and appellant's sometimes non-responsive answers to the court's questions, we believe it appropriate to remand for a determination of appellant's competency to waive his right to a jury trial. *State v. Cameron, supra.*

Finally, appellant argues that his waiver was not valid because the court failed to ask him if any promises had been made to him and because the court did not advise him of the enhanced punishment he would face if the prior conviction were proved. We must address these issues in the event the trial court determines that appellant was competent both to stand trial and to waive his right to a jury trial on the prior conviction.

 We find no merit to the latter complaint. Although the supreme court has stated that it is "the better rule, particularly in capital cases," to inform a defendant of the potential for enhanced punishment, *State v. LaGrand*, 152 Ariz. 483, 489, 733 P.2d 1066, 1072, *cert. denied*, 484 U.S. 872, 108 S.Ct. 206, 98 L.Ed.2d 157 (1987), we do not believe it is fatal to omit mention of it.

With regard to the issue of voluntariness of the waiver, however, although the trial court found that the waiver was voluntary, the record reflects that appellant was never questioned on that issue. Because we remand for a determination of appellant's competency to waive the right to a jury trial, we also remand on the issue of voluntariness in the event appellant is found to have been competent.

Remanded for further proceedings.

HATHAWAY and HOWARD, JJ., concur.