11 P.3d 1043

IN RE $3,636.24 (THREE THOUSAND SIX HUNDRED THIRTY SIX DOLLARS AND 24/100) U.S. CURRENCY, NEC cellular telephone serial number A98MP5A1F11A.

State of Arizona, Appellee,

v.

Richard Delcid Gill, Appellant.

No. 1–CA–CV 99–0475.

Court of Appeals of Arizona, Division 1, Department C.

Oct. 17, 2000.

Patricia A. Orozco, Yuma County Attorney, By David M. Haws, Deputy County Attorney, Yuma, for Appellee.

Mr. Richard Delcid Gill, Yuma, In Propria Persona.

## OPINION

VOSS, Judge.

¶ 1 Richard Delcid Gill ("appellant") appeals from the trial court's order forfeiting $3,636.24 in cash and a cellular telephone to the state. Because we find that the trial court erred in denying appellant's motion to release the property from seizure, we reverse and remand for further proceedings consistent with this opinion.

## PROCEDURAL HISTORY

¶ 2 Initially, we note that the record before this court is sparse, consisting only of minute entries and instruments in the civil forfeiture action. Although both parties discuss various motions and rulings related to the forfeiture that were filed in appellant's criminal case, the record of that case was not made part of the record on appeal. Nevertheless, the parties agree on the following facts:

¶ 3 On June 21, 1997, appellant's car was stopped for a traffic violation and he was arrested for driving on a revoked license. During a search incident to arrest, police found 70 grams of methamphetamine, 10.8 grams of marijuana, several weapons, and several scanners. Police also seized $3,636.24 in cash and a cellular telephone. Appellant subsequently pled guilty to one count of possession of dangerous drugs for sale and one count of misconduct involving weapons and was sentenced on November 21, 1997.

¶ 4 On November 24, 1997, the state's attorney advised the Yuma Police Department that the property seized no longer needed to be held as evidence for the criminal prosecution. Appellant states that several items of

property were thereafter released to his wife, but not the cash or cellular telephone at issue here.

¶ 5 On December 29, 1997, appellant filed a motion for an order directing the release of his property and money. On March 12, 1998, according to appellant, the trial court issued an order denying the release of property and money but stated that if forfeiture proceedings were not commenced by the state immediately, the property would be released to appellant. The state describes what took place at the March 12, 1998 hearing as follows:

> At that hearing appellant asked the court to order that the property at issue in this case be released. The request was in the nature of a request for release of property pursuant to A.R.S. § 13–4308(B) which provides that an owner may request a release of property if forfeiture proceedings are not initiated within sixty days of seizure. During the hearing the court reviewed A.R.S. § 13–4308(B) and considered both the seven year statute of limitation and the provision for release of property within sixty days. The State advised the court that it intended to pursue forfeiture of the property forthwith. The State also advised the court that the failure to initiated [sic] forfeiture proceedings earlier was an oversight.

¶ 6 The state commenced forfeiture proceedings on March 15, 1998. On that date, the state served appellant with a notice of seizure and pending forfeiture and a notice of uncontested forfeiture. Appellant filed a claim contesting the forfeiture on March 18, 1998.

¶ 7 On April 21, 1998, the state filed a civil in rem forfeiture action. Seeking forfeiture of the cash and cellular telephone, the state's complaint alleged that the property had previously been seized in Yuma County, and asserted that the property was subject to forfeiture both as proceeds traceable to an offense included in the definition of racketeering and as property used in connection with a drug offense.

¶ 8 Appellant moved to dismiss the forfeiture complaint, arguing that the state had failed to timely commence the action. The

state then requested a forfeiture hearing, which occurred on June 22, 1999. Appellant appeared at the hearing telephonically and was allowed to testify and cross-examine the state's witnesses. At the conclusion of the contested forfeiture hearing, the trial court found that appellant had been properly served with notice of pending forfeiture pursuant to Arizona Revised Statutes Annotated ("A.R.S.") section 13–4307 (1989) and that the $3,636.24 and cellular telephone should be forfeited to the state. Appellant timely appealed.

## DISCUSSION

¶ 9 Appellant argues on appeal that the trial court was obligated to release his property from seizure pursuant to A.R.S. section 13–4308(B) because the state failed to timely initiate forfeiture proceedings. The state admits that it was untimely in initiating forfeiture proceedings, but contends that such delay was harmless in light of the fact that its civil in rem forfeiture complaint was still filed well within the seven-year statute of limitations provided for in section 13 4308(B). The state further notes that appellant had a full and fair opportunity to litigate his claim to the property on the merits and that he does not claim that there was an insufficient factual basis for such forfeiture.

¶ 10 The interpretation of a statute is a question of law, which we review de novo. *State Comp. Fund v.Super. Ct.,* 190 Ariz. 371, 374–75, 948 P.2d 499, 502–03 (App. 1997). If the language of a statute is clear and unambiguous, this court must give it effect. *Lewis v. Arizona Dep't of Econ. Sec.,* 186 Ariz. 610, 614, 925 P.2d 751, 755 (App. 1996). In doing so, "we must read the statute as a whole and give meaningful operation to each of its provisions." *Ruiz v. Hull,* 191 Ariz. 441, 450, ¶ 35, 957 P.2d 984, 993 (1998).

¶ 11 Section 13–4305(A) (Supp.1999) governs the seizure of property for forfeiture. Property subject to forfeiture may be seized through court process, including issuance of a seizure warrant, or without court process, such as the initial seizure here, as part of a search incident to arrest. "Seizure for forfeiture" is defined as the seizure of property by

**506**

a peace officer coupled with an assertion by the seizing agency or an attorney for the state that the property is subject to forfeiture. A.R.S. § 13–4301(9) (Supp.1999).

¶ 12 The state has various options available to pursue forfeiture under the statutory scheme once property has been seized for forfeiture, including uncontested civil forfeiture, judicial in rem and in personam forfeiture proceedings, as well as provisional remedies. A.R.S. §§ 13–1409 (1989), –1410, –1411, –1412 (Supp.1999).

¶ 13 Section 13–4308(B) governs the commencement of forfeiture proceedings and provides certain deadlines by which the state must act:

> If the state fails to initiate forfeiture proceedings against property seized for forfeiture by notice of pending forfeiture within sixty days after its seizure for forfeiture, or fails to pursue forfeiture of such property on which a timely claim has been properly filed by filing a complaint, information or indictment pursuant to § 13–4311 or 13–4312 within sixty days after notice of pending forfeiture or, if uncontested forfeiture has been made available, within sixty days after a declaration of forfeiture, whichever is later, such property shall be released from its seizure for forfeiture on the request of an owner or interest holder, pending further proceedings pursuant to this chapter, which shall be commenced within seven years after actual discovery of the last act giving rise to forfeiture.

■ ¶ 14 In this case, it is undisputed that the property was seized on June 21, 1997 as part of a search incident to arrest, and that the state did not serve appellant with a notice of seizure and pending forfeiture until March 15, 1998. It is also undisputed that on December 29, 1997, appellant made a request to the trial court for the release of his property from seizure based upon the state's failure to timely initiate forfeiture proceedings pursuant to A.R.S. § 13–4308(B). The trial court denied appellant's motion on March 12, 1998, based upon the state's assertion that its failure to initiate forfeiture proceedings was an oversight and that it would commence such proceedings immediately.

This ruling, which ignored the literal terms of A.R.S. section 13–4308(B), was error.

¶ 15 The language of A.R.S. section 13–4308(B) is clear and unambiguous and we must apply its terms as written. It does not allow the court to excuse the state's failure to timely initiate forfeiture proceedings for "oversight." When the state did not act in a timely fashion, and appellant made a request that the property be released, the trial court was obliged under the statute to release the property from its seizure for forfeiture. Because the state's subsequent forfeiture complaint relied upon the earlier seizure for forfeiture that should have been vacated by the trial court, those subsequent forfeiture proceedings were invalid. On remand, the trial court must release the property from its seizure for forfeiture.

### CONCLUSION

¶ 16 We reverse and remand this matter for further proceedings consistent with this opinion.

CONCURRING: NOEL FIDEL, Judge, and CECIL B. PATTERSON, JR., Judge.