250 P.3d 1196

**STATE of Arizona ex rel. Thomas C. HORNE, Arizona Attorney General, Plaintiff/Appellant,**

v.

**Daniel RIVAS doing business as Desert Auto Collision and Danny's Auto Center; Daniel Rivas and Cecilia Rivas, husband and wife; Juan Rivas, Defendants/Appellees,**

and

**Assets as Described in Appendix One to Notice of Pending Forfeiture, Defendants in Rem.**

**No. 1 CA–CV 10–0046.**

Court of Appeals of Arizona, Division 1, Department E.

March 8, 2011.

Thomas C. Horne, Attorney General by Stephen C. Lepley, Assistant Attorney General, Barton J. Fears, Assistant Attorney General, Glendon D. McCarthy, Assistant Attorney General, Phoenix, Attorneys for Plaintiff/Appellant.

Quarles & Brady, LLP by David T. Barton, Eric B. Johnson, Phoenix, Attorneys for Non–Party Juan Rivas.

## OPINION

IRVINE, Judge.

¶ 1 This appeal arises out of civil forfeiture proceedings initiated by the State of Arizona. The State appeals the trial court's order releasing certain seized property belonging to Juan Rivas ("Juan").[1] It argues that although Juan was never provided with the required statutory notice the forfeiture was valid because he had actual knowledge of the State's forfeiture action and failed to file a timely claim to the property pursuant to Arizona Revised Statutes ("A.R.S.") section 13–4311 (2010).[2] We hold that the State's forfeiture efforts were ineffective because of the failure to give proper notice. Therefore, we affirm the judgment of the trial court.

## FACTS AND PROCEDURAL HISTORY

¶ 2 Due to alleged racketeering offenses committed by Daniel, the State filed a notice of pending forfeiture and notice of seizure for forfeiture on June 10, 2004 ("Notice"). The Notice identified property the State was seiz-

---

1. Because Juan shares the same last name "Rivas" with his brother, Daniel Rivas ("Daniel"), we distinguish them by using their first names.

2. Unless otherwise specified, we cite to the current version of the applicable statutes when no revisions material to this opinion have since occurred.

ing for forfeiture and required any person claiming an interest in the property to file a verified claim satisfying the requirements of A.R.S. § 13–4311(E) and (F) within thirty days. The Notice listed two parcels of real property, one of which is the parcel at issue here described as: "Address unknown (parcel # 504–35–001–B) Daniel Rivas and Juan Rivas[.] Legal: The North half of the Northeast quarter of Section 33, Township one (1) North Range five (5) West of the Gila and Salt River and Meridian, Maricopa County, Arizona" (the "Property"). The Notice also listed by number several of Juan's bank accounts, but it did not list Juan as a party. The State does not dispute that Juan was never served with the Notice.

¶ 3 After Juan discovered some of his bank accounts were frozen pursuant to an order of the State, his counsel, by letter, informed the State that its seizure was in error. The letter stated certain personal and business assets, including the Property and bank accounts, had been frozen mistakenly in connection with the forfeiture proceedings against Daniel and requested their release. The letter specifically stated that, although both Daniel and Juan were listed as owners of record of the Property, Daniel had earlier executed a quitclaim deed in Juan's favor giving up any interest he had in the Property, but that Juan had not yet recorded the deed. The letter also stated that Juan was "in the process of preparing a claim pursuant to Ariz.Rev.Stat. § 13–4311 to contest the seizure of Juan's assets" but that based on discussions with the State, Juan "hope[d] that filing the claim [would] not be necessary." The State responded and stated it was releasing Juan's seized bank accounts. The letter did not mention the Property. On September 8, 2004, Juan recorded the notarized quit claim deed that had been signed by Daniel on January 23, 2003.

¶ 4 The State's forfeiture action proceeded against Daniel. Attached to the civil forfeiture complaint was an appendix of assets seized, which included the Property, listing both Juan and Daniel's names. The complaint did not include Juan as a party to the action. On November 3, 2006, the court issued its judgment in the forfeiture action in the State's favor based on Daniel's agreement. The list of forfeited assets included "[r]eal property owned by Daniel ... Rivas, or any interest therein," including the Property. The legal description of the Property in the judgment did not list Juan's name. Thereafter, the State sold the Property to SNC Properties, LLC ("SNC").

¶ 5 Juan learned of the State's sale to SNC when he attempted to pay the 2007 property taxes on the Property and was informed that he was no longer the record owner. In response, Juan filed a quiet title action against SNC. On June 30, 2008, the State filed a motion to consolidate the forfeiture and quiet title actions. The trial court denied the State's motion, noting the forfeiture action was "fully resolved" in 2006 and none of the parties involved in the forfeiture action were involved in the quiet title action.

¶ 6 The State subsequently filed an application for order of forfeiture naming Juan as a party, and its second motion to consolidate. The State's application did not include any evidence that Juan was involved in Daniel's criminal activities, or that the Property was connected to those activities. In a separate declaration, Juan stated that he and Daniel purchased the Property in 2001 with the intention of subdividing the land for family purposes, and that Juan provided approximately 90% of the money used to buy the Property. He also stated that because the subdividing plan was not proceeding, Daniel quitclaimed his interest in the Property to Juan in January 2003. The trial court again denied the State's motion, referencing its prior minute entry denying the State's motion to consolidate and noting "the State did not provide a Notice of Pending Forfeiture to the Non–Party [Juan] prior to its initial Application for Order of Forfeiture."

¶ 7 The State filed a notice of pending forfeiture and notice of seizure forfeiture against Juan on June 5, 2009 ("2009 Notice"). In response, both Juan and SNC filed notices of claims of ownership of the Property pursuant to A.R.S. § 13–4311. On August 31, 2009, the State filed a third motion to consolidate and a second application for order of

forfeiture.[3] Juan then filed a request for a release of the Property. The trial court denied the State's third motion to consolidate and struck its 2009 Notice. The court found that the State's 2009 Notice sought "to cure a defect that occurred in service pursuant to A.R.S. § 13–4307 on the [Notice], filed June 10, 2004. However, judgment was entered in the case on November 3, 2006 and became final." The trial court released the Property "to owner Juan Rivas." The State timely appealed the order releasing the Property.

## DISCUSSION

¶ 8 A state may not "deprive any person of ... property, without due process of law." U.S. Const. amend. XIV, § 1; *see also* Ariz. Const., art. 2, § 4 ("No person shall be deprived of life, liberty, or property without due process of law."). In Arizona, the process for forfeiting property has been defined by the legislature in statutes. A.R.S. §§ 13–4301 to –4315 (2010). We begin our analysis with those statutes.

¶ 9 Interpretation of Arizona's forfeiture statutes is a question of law that we review de novo. *Dreamland Villa Cmty. Club, Inc. v. Raimey*, 224 Ariz. 42, 46, ¶ 17, 226 P.3d 411, 415 (App.2010). We give effect to the plain and unambiguous language of a statute. *In re $3,636.24*, 198 Ariz. 504, 505, ¶ 10, 11 P.3d 1043, 1044 (App.2000). Additionally, we "construe statutory provisions in a manner consistent with related provisions." *State ex rel. Indus. Comm'n of Ariz. v. Galloway*, 224 Ariz. 325, 328, ¶ 7, 230 P.3d 708, 711 (App.2010).

¶ 10 The State has various options available to pursue forfeiture under Arizona's statutory scheme, including uncontested civil forfeiture and judicial in rem and in personam forfeiture proceedings. A.R.S. §§ 13–4309, –4311, –4312. In this case, the State commenced a judicial in rem forfeiture by filing a notice of pending forfeiture pursuant to A.R.S. § 13–4311(A). Although the focus

of an in rem proceeding is the property, the legislature has provided for notice to an owner or other person claiming an interest in the property. Section 13–4311 states, in relevant part:

A. If a forfeiture is authorized by law, it shall be ordered by a court on an action in rem brought by the state pursuant to a notice of pending forfeiture or a verified complaint for forfeiture. The state may serve the complaint in the manner provided by § 13–4307 or by the Arizona rules of civil procedure.

. . . .

C. On the filing of a civil in rem action by the state in superior court the clerk of the court in which the action is filed shall provide, and the attorney for the state may provide, the notice of pending forfeiture required by § 13–4307 unless the files of the clerk of the court reflect that such notice has previously been made.

D. An owner of or interest holder in the property may file a claim against the property, within thirty days after the notice, for a hearing to adjudicate the validity of his claimed interest in the property. The hearing shall be held by the court without a jury.

¶ 11 Section 13–4307 specifies how notice must be given. It pragmatically recognizes that sometimes an owner's name and address are known (§ 13–4307(1)), sometimes the owner's name is known from a public record but his current address is unknown (§ 13–4307(2)), and sometimes no address is known or an owner's interest itself is unknown (§ 13–4307(3)). In this case, Juan's ownership interest and address were known through the public record. Therefore, we look to § 13–4307(1), which states:

Whenever notice of pending forfeiture is required under this chapter it shall be given or provided in one of the following ways and is effective at the time of person-

---

**3.** The State argued in its third motion to consolidate that both Juan and SNC were parties to the forfeiture action because they had both made claims against the Property when the State filed its 2009 Notice. In its ruling on the State's third motion to consolidate, the trial court correctly pointed out that these notices were filed "pending ruling of the court, to preserve rights due to the State's" 2009 Notice. Although the State and Juan dispute whether Juan is currently a "party" to this case, we conclude that it is unnecessary for us to decide that issue.

al service, publication or the mailing of written notice, whichever is earlier:

1. If the owner's or interest holder's name and current address are known by either:
   (a) Personal service.
   (b) Mailing a copy of the notice by certified mail to the address.

¶ 12 A related question is whether the court has acquired jurisdiction over the Property. We have previously held that the forfeiture statutes require that property subject to forfeiture must be brought before the court in a proper seizure. *State v. One Single Family Residence (Wheatcroft)*, 193 Ariz. 1, 4, 969 P.2d 166, 169 (App.1997). Relevant to this case, the statutes provide for a constructive seizure of real property. *Id.* Specifically, what is now numbered § 13-4305(B) provides:

> Property subject to forfeiture under this chapter may be seized for forfeiture by placing the property under constructive seizure. Constructive seizure may be made by posting notice of seizure for forfeiture on the property or by filing notice of seizure for forfeiture or notice of pending forfeiture in any appropriate public record relating to the property.

As noted above, any notice of pending forfeiture would be effective only at the time of proper service under A.R.S. § 13-4307.

■ ¶ 13 Here, the State initiated forfeiture proceedings by filing a notice of pending forfeiture. The State's appendix to its Notice listing the seized assets included the Property and listed the names "Daniel Rivas and Juan Rivas." As Juan was an interest holder or owner of the Property included on the list of the State's seized assets and in the public record, the Notice would only be effective as to his property, or his interest, if he was properly served. *See* A.R.S. § 13-4307.

■ ¶ 14 Equally, the court would only have jurisdiction over Juan's property if the Notice was properly served. It is undisputed that no such service occurred, even though Juan was one of the named owners of the Property at the time the State instituted forfeiture proceedings. Even after the State received Juan's June 18, 2004 letter, in which he claimed ownership of the Property, the State did not serve him with its Notice.

¶ 15 Nevertheless, citing *Wheatcroft*, the State argues that because Juan had actual knowledge of the action no notice was required. In *Wheatcroft*, the State physically seized two vehicles, but failed to serve the Wheatcrofts with notice of the forfeiture action. 193 Ariz. at 5, 969 P.2d at 170. The Wheatcrofts filed an answer to the forfeiture complaint and a claim to the property. *Id.* at 6, 969 P.2d at 171. We held that because the Wheatcrofts filed a claim of ownership of the seized property, had the opportunity to be heard, and contested the forfeiture, the failure to provide the statutory notice did not deprive the court of jurisdiction over the vehicles. *Id.* at 5–6, 969 P.2d at 170–71. We reasoned that "[t]he notice provisions of the forfeiture chapter are intended to give interested persons an opportunity to contest the forfeiture," and because Wheatcroft actively participated in the forfeiture action, he waived any objection he had about lack of notice. *Id.* at 6, 969 P.2d at 171. Thus, *Wheatcroft* essentially resolved the lack of statutory notice on a waiver basis, not simply on actual knowledge of the forfeiture proceedings. *See also City of Phoenix v. Fields*, 219 Ariz. 568, 574–75, ¶¶ 27–33, 201 P.3d 529, 535–36 (2009) (finding city could waive assertion that plaintiff failed to comply with the notice of claim statute by its subsequent conduct in litigation).

¶ 16 Unlike the defendant in *Wheatcroft*, Juan was not actively involved in the forfeiture action. He did not file a claim pursuant to A.R.S. § 13-4311 or actively participate in the forfeiture action involving Daniel. He was neither a named party to the forfeiture action nor a party to the final judgment. Compliance with the notice requirements of the statutes is necessary to both give the court jurisdiction over a property and to give an owner of record an opportunity to protect his interests. Consequently, as a listed owner of the Property, and absent waiver, Juan's interests in the Property could be affected only if he received the State's Notice pursuant to A.R.S. §§ 13-4311 and -4307.

¶ 17 The State also contends that Juan's statement in the exchange of correspondence

that he was going to file a claim shows that he knew he was required to do so if he wished to claim an interest in the Property. As a result, the State contends that the trial court erred in denying the State's 2009 application for order of forfeiture because Juan "completely lacked standing to contest the forfeiture."

¶ 18 As discussed above, Juan was not provided with the required notice. *See* A.R.S. § 13–4307. This is significant because § 13–4307 makes the notice of pending forfeiture effective only at the time of personal service, and under § 13–4311(D) an owner's time for filing a claim only begins after proper notice. Therefore, although Juan may have known about the forfeiture action proceeding against Daniel, he was not provided with the statutorily mandated notice that his own property was at risk so the time for filing a claim never began to run. The mere fact that at one point Juan believed it might be necessary to file a claim cannot alter the fact that the State failed to give him the notice required by the statute.

¶ 19 The State next argues that Juan should have known it was still seeking to forfeit the Property after it released his bank accounts but did not return the Property. It fails to identify, however, what exactly it failed to return. Any seizure of the Property was a constructive seizure, not an actual seizure, and, as noted above, the constructive seizure was ineffective because of the failure to properly serve Juan. Consequently, Juan's failure to file a claim or seek further court action was reasonable because the State did not effectively take the Property at all.

¶ 20 The State argues that the trial court erred in releasing the Property to Juan because he did not seek Rule 60(c) relief in the forfeiture action. Although Juan was not a named party to that action, the State contends that Juan is a party to the forfeiture action because he has an interest in the subject matter and "has repeatedly made appearances in th[e] action" and therefore, he needed to seek Rule 60(c) relief from the judgment. The State did not raise this argument before the trial court.[4] Accordingly, we do not address it on appeal. *See Nat'l Broker Assocs., Inc. v. Marlyn Nutraceuticals, Inc.*, 211 Ariz. 210, 216, ¶ 30, 119 P.3d 477, 483 (App.2005) ("We will not address issues raised for the first time on appeal.").

¶ 21 Finally, at oral argument the State raised an issue concerning the order releasing the Property. It argued that the order released only a percentage of the Property because Juan was a joint tenant with Daniel. The State did not raise this issue in its briefing. Accordingly, we will not address it. *See Mitchell v. Gamble*, 207 Ariz. 364, 369–70, ¶ 16, 86 P.3d 944, 949–50 (App.2004) (arguments raised for the first time at oral argument are generally waived).

## CONCLUSION

¶ 22 For the foregoing reasons, we affirm the judgment of the trial court.

CONCURRING: MAURICE PORTLEY, and JON W. THOMPSON, Judges.

---

4. In its second application for order of forfeiture and third motion to consolidate, the State referenced Rule 60(c). It stated that if the trial court granted consolidation and its application for order of forfeiture, among other orders, "Juan Rivas could then pursue relief in the Court of Appeals, which is what he should have done, perhaps after filing a Rule 60(c) motion, after entry of the final judgment order in this action...." This statement refers to Juan seeking Rule 60(c) relief from any judgment the court would enter regarding the *consolidation* issue, not Rule 60(c) relief from the initial *forfeiture* proceedings. Additionally, the statement about Rule 60(c) is merely a reference and is not supported by any legal authority.