IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| In re | ) | |
| | ) | 2 CA-CV 2011-0143 |
| U.S. CURRENCY IN THE AMOUNT | ) | DEPARTMENT B |
| OF $2,390. | ) | |
| | ) | O P I N I O N |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. C20110570

Honorable Paul E. Tang, Judge

REVERSED AND REMANDED

Barbara LaWall, Pima County Attorney
  By Kevin S. Krejci                                                    Tucson
                                                        Attorneys for Appellant

E S P I N O S A, Judge.

¶1        In this uncontested forfeiture action, the state appeals the trial court's denial of its application for forfeiture of $2,390 in United States currency, arguing the court erred in finding the state had failed to comply with the requirements of A.R.S. § 13-4307 for giving notice of forfeiture proceedings.  For the following reasons, we reverse and remand.

**Factual Background and Procedural History**

¶2    Because the state's forfeiture action is unopposed, the facts are undisputed. *See In re $24,000 U.S. Currency*, 217 Ariz. 199, n.1, 171 P.3d 1240, 1242 n.1 (App. 2007). In January 2010, after Tucson police officers responded to reports of shots fired at a midtown bar, Jaime Cazares led them on a car chase, briefly stopping at a house before resuming flight. One of the home's residents reported to police that he had hidden a large amount of cash at Cazares's request. The officers found $2,390 in United States currency under a garbage can in an alley behind the house. Cazares was later apprehended, and the state initiated forfeiture proceedings under A.R.S. § 13-4309 against both the vehicle and the currency.

¶3    In October, the state attempted to provide notice of the pending forfeiture to Ana E. Navarro, the registered owner of the vehicle, by both certified and first-class mail to her address on record with Florida's motor vehicle department, but both mailings were returned stamped "insufficient address."[1] In November, the state personally served Cazares in prison,[2] and again, by both certified and first-class mail, sent notice to Navarro at a different address obtained from the vehicle's loan documents. The state indicated neither mailing had been returned at the time of the application; the court nevertheless

_____

[1]With its forfeiture application, the state submitted evidence showing it had accurately addressed the mailings to Navarro's Florida vehicle registration address.

[2]Cazares by this time had been convicted and sentenced to prison for aggravated assault and possession of a deadly weapon by a prohibited possessor.

denied without prejudice the state's application for forfeiture, citing "insufficient service on Ana Navarro pursuant to A.R.S. § 13-4307."

¶4        The state subsequently renewed its application, asserting it had properly given notice to Navarro and providing proof that the certified mailing sent in November had been returned "unclaimed," and the first-class mailing had not been returned. The trial court issued a ruling denying the state's application as to both the vehicle and currency on the ground notice had not been provided to Navarro, but nevertheless set the matter for a hearing. The court reasoned that because § 13-4307(1) allowed notice to be given only via certified mail or personal service, the state could not satisfy the statute by relying on notice by regular mail—the only mailing that had not been returned. After the hearing, the court reversed its previous ruling in part and granted forfeiture of the vehicle but denied forfeiture of the currency, citing "failure to follow the notice provisions in A.R.S. [§ 13-4307(1)]." We have jurisdiction over the state's appeal pursuant to A.R.S. § 12-2101(B).

## Discussion

¶5        We review the trial court's application of the forfeiture statutes *de novo*. *State ex rel. Horne v. Rivas*, 226 Ariz. 567, ¶ 9, 250 P.3d 1196, 1199 (App. 2011). We will uphold the ruling on an application for forfeiture if supported by any reasonable evidence. *See In re $315,900 U.S. Currency*, 183 Ariz. 208, 215-16, 902 P.2d 351, 358-59 (App. 1995); *see also State v. Perez*, 141 Ariz. 459, 464, 687 P.2d 1214, 1219 (1984) ("We are obliged to affirm the trial court's ruling if the result was legally correct for any

3

reason."). We accept the court's factual findings unless they are clearly erroneous. *In re $26,980.00 U.S. Currency*, 199 Ariz. 291, ¶ 9, 18 P.3d 85, 89 (App. 2000).

**¶6** In its brief the state argues the trial court erred in denying its application for forfeiture of the currency because it had complied with the notice requirements of § 13-4307 by personally providing Cazares with notice of the forfeiture proceedings. Indeed, the record confirms that Cazares was personally served and did not file a claim. Thus, the state satisfied both the statutory notice requirement and due process as to Cazares. *See* § 13-4307(1)(a) (allowing notice by "[p]ersonal service"); *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950) (under Due Process Clause, "[p]ersonal service of written notice within the jurisdiction is the classic form of notice always adequate in any type of proceeding"). Accordingly, we agree with the state's contention that the court's denial of its application for forfeiture of the currency cannot be upheld under the rationale that Cazares did not receive notice. *See* § 13-4307(1).

**¶7** To the extent the trial court's ruling was based on the notice requirements of § 13-4307 with respect to Navarro, the ruling cannot be upheld on this ground either.[3] As a threshold matter, the state was not required to provide Navarro with notice of the forfeiture proceedings relating to the currency. Although the state has not made this argument and we ordinarily will not consider issues not raised before the trial court, *see Larsen v. Nissan Motor Corp. in U.S.A.*, 194 Ariz. 142, ¶ 12, 978 P.2d 119, 124 (App.

---

[3]No other person or entity claiming an interest in the currency or vehicle appeared in the action below; the vehicle lienholder entered into a stipulation with the state, and no other owner or interest holder filed a judicial claim pursuant to § 13-4309(2).

1998), "[i]f application of a legal principle, even if not raised below, would dispose of an action on appeal and correctly explain the law, it is appropriate for us to consider the issue," *Evenstad v. State*, 178 Ariz. 578, 582, 875 P.2d 811, 815 (App. 1993); *see also Michael M. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 230, ¶ 13, 172 P.3d 418, 421 (App. 2007) (when case presents question of statutory interpretation, resolution appropriate even if issue not well developed on appeal).

¶8        In an uncontested civil forfeiture proceeding, the state is required to "provide notice of pending forfeiture by giving notice . . . as provided in § 13-4307 to all persons known to have an interest" in the subject property. § 13-4309(1). A person is "known to have an interest" if the interest "is reflected in the public records in which his interest is required by law to be recorded," or, when the law does not require the interest to be recorded, "a person shall be known to have an interest only if his interest can be readily ascertained at the time of the commencement of the forfeiture action." A.R.S. § 13-4301(6). When a statute's plain language "is clear and unambiguous, 'we give effect to that language.'" *State ex rel. Goddard v. Ochoa*, 224 Ariz. 214, ¶ 9, 228 P.3d 950, 953 (App. 2010), *quoting Fragoso v. Fell*, 210 Ariz. 427, ¶ 7, 111 P.3d 1027, 1030 (App. 2005). Accordingly, the state would have a duty to notify Navarro of the pending forfeiture only if her interest in the currency could have been "readily ascertained" when the action was commenced. *See* § 13-4301(6).

¶9        When a person has an interest in property, that person is by definition an "owner" for purposes of the forfeiture statutes. *See* § 13-4301(5) ("owner" means person

5

who has legal or equitable interest in property). This understanding comports with the ordinary meaning of "interest," which is "[a] legal share in something; all or part of a legal or equitable claim to or right in property." *Black's Law Dictionary* 885 (9th ed. 2009). In forfeiture matters, ownership includes "'possession, control, title and financial stake'" in property. *In re 4030 W. Avocado*, 184 Ariz. 219, 221, 908 P.2d 33, 35 (App. 1995), *quoting United States v. One 1945 Douglas C-54 (DC-4) Aircraft*, 647 F.2d 864, 866 (8th Cir. 1981); *see also In re One 1983 Toyota Silver Four-Door Sedan*, 168 Ariz. 399, 402, 814 P.2d 356, 359 (App. 1991) (claimant was "owner" of vehicle because title was in her name and she insured and used vehicle). Courts also consider whether a person exercises dominion and control over the subject property in determining whether he or she is an "owner." *See In re 4030 W. Avocado*, 184 Ariz. at 220-23, 908 P.2d at 34-37 (claimant who held title but did not exercise dominion or control over property not "owner" in forfeiture context); *accord United States v. 10th St. & Challenger Way*, 15 F.3d 128 (9th Cir. 1994) (same).

¶10 In the case before us, although the trial court referred to Navarro as a "presumed claimant," nothing in the record suggests she ever had possession or control of the currency—or any financial stake in it—unlike Cazares, who had possession and control of the cash during the relevant time period.[4] Indeed, the record reflects no connection between Navarro and the currency except that Cazares had possessed it while

---

[4]Although Cazares was not in possession of the money when he was apprehended, the record shows he had entrusted it to a third party during his flight from police, evidently intending to conceal it from law enforcement and to retrieve it later.

6

driving Navarro's vehicle. We cannot say, based only on this tenuous association, that any interest Navarro may have in the currency "can be readily ascertained," and we consequently conclude as a matter of law she was not a "[p]erson known to have an interest" in it. § 13-4301(6); *cf. 10th St. & Challenger Way*, 15 F.3d at 130-31 (rejecting claimant's assertion of ownership because claimant did not exercise dominion or control over property and therefore lacked standing); *United States v. Lot 111-B*, 902 F.2d 1443, 1444-45 (9th Cir. 1990) (rejecting ownership claim where claimant failed to establish financial stake in property and was only nominal owner).

¶11        And, even assuming Navarro did have an interest in the currency, we could not say the state failed to comply with § 13-4307 or the requirements of due process. Section 13-4307(1) requires the state to provide written notice by either personal service or certified mail when a person's current address is known. The state clearly did that here by way of certified mail to Navarro's current address of record with the Florida motor vehicle department.[5] The notice was "effective at the time of . . . mailing," § 13-4307, and the statute on its face requires no more, *see In re Estate of Gordon*, 207 Ariz. 401, ¶ 19, 87 P.3d 89, 93 (App. 2004) (where statute's meaning is plainly apparent from its language, we "are not authorized to add anything to it unless an absurdity would otherwise result"). Although the trial court in its written ruling appears to have acknowledged this, the court apparently believed such compliance with the statute was

---

[5]Similar to Arizona's vehicle registration requirements, Florida law mandates that vehicle registrants maintain a current address with the Florida Department of Highway Safety and Motor Vehicles. *See* A.R.S. § 28-448(A); Fla. Stat. Ann. § 320.02(4).

insufficient, citing *Rivas*, 226 Ariz. 567, ¶¶ 11, 18, 250 P.3d at 1199-1201.  But we find that case inapplicable here, as it dealt only with the lack of any type of service on a known and undisputed interest holder.  *Id.*

¶12　　　Nor could we say the state's efforts failed to comply with due process, which requires only "'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"  *Jones v. Flowers*, 547 U.S. 220, 226 (2006), *quoting Mullane*, 339 U.S. at 314; *see also Dusenbery v. United States*, 534 U.S. 161, 170 (2002) (due process does not require government to provide actual notice of forfeiture but only to make reasonable attempt).  In the absence of any other knowledge of Navarro's whereabouts, the state satisfied the *Jones* standard by sending notice of forfeiture by regular mail—in addition to the certified mailing that ultimately was returned unclaimed—to Navarro's second address of record.  *See Jones*, 547 U.S. at 234-35 (when certified mail returned unclaimed, state could have satisfied due process by sending notice by regular mail, which required no signature for delivery).

### Conclusion

¶13　　　Although on this record the state appears to have complied with the requirements of § 13-4307 and due process as to the $2,390, it was not required to do so with respect to Navarro because she had no readily ascertainable interest in that property. The trial court's ruling, insofar as it concluded the state was required to provide such notice to Navarro, was therefore erroneous.  Accordingly, the court's judgment as to the

8

currency is reversed, and this matter is remanded for further proceedings consistent with this decision.

/s/ *Philip G. Espinosa*
PHILIP G. ESPINOSA, Judge

CONCURRING:

/s/ *Garye L. Vásquez*
GARYE L. VÁSQUEZ, Presiding Judge

/s/ *Virginia C. Kelly*
VIRGINIA C. KELLY, Judge