IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | 2 CA-CR 2011-0164 |
| | ) | DEPARTMENT A |
| Appellant, | ) | |
| | ) | O P I N I O N |
| v. | ) | |
| | ) | |
| CURTIS T. BUNTON, | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR20101299001

Honorable Howard Fell, Judge

AFFIRMED

Barbara LaWall, Pima County Attorney
  By Jacob R. Lines                                                         Tucson
                                                      Attorneys for Appellant

Lori J. Lefferts, Pima County Public Defender
  By Rebecca A. McLean                                                      Tucson
                                                       Attorneys for Appellee

H O W A R D, Chief Judge.

¶1        After contested competency hearings, appellee Curtis Bunton was found to

be "not competent and not restorable." On appeal, the state argues the trial court abused

its discretion in not allowing the state's doctor to conduct an additional examination of Bunton. The state further contends that A.R.S. § 13-4505(D) should be interpreted to allow the state to examine a defendant regardless of the court's findings. Because the trial court did not abuse its discretion, we affirm.

## Factual and Procedural Background

¶2 We view the facts in the light most favorable to sustaining the trial court's findings on competency. *State v. Glassel*, 211 Ariz. 33, ¶ 27, 116 P.3d 1193, 1204 (2005). In April 2010, Bunton was charged with first-degree murder. He subsequently moved for a mental examination to determine his competency to stand trial and for a stay of the proceedings. The court granted Bunton's motion and appointed "the next two doctors on the rotating competency evaluator list" to examine him, specifying that one of the doctors "be a Ph.D. and one an M.D."

¶3 Dr. James Allender, a board-certified neuropsychologist, and Dr. Stephen Streitfeld, a psychiatrist, both evaluated Bunton and prepared reports that were disclosed to the trial court. The state moved the court to allow an expert retained by the state, Dr. James Sullivan, to interview and evaluate Bunton. In two hearings, both Streitfeld and Allender testified about their conclusions regarding Bunton's incompetency. Streitfeld testified that Bunton had been "persistently and acutely" disabled by his stroke, that his disability "constantly affect[s] his functioning in a negative way," and that his condition is "unlikely to improve to a significant degree in the foreseeable future." Allender testified that Bunton would have difficulty in assisting his defense due to his expressive aphasia, which the doctor "considered . . . fairly severe."

2

¶4 At the second hearing, Dr. Debra Joseph, a psychologist from the Pima County Restoration to Competency Program, also testified regarding her evaluation of Bunton in the court-ordered program, concluding that Bunton would be unable to "assist counsel in preparation of his defense." Based on the testimony of all three doctors, the court concluded that no "additional testing would . . . be of assistance," and it "preclud[ed] Dr. Sullivan from interviewing and evaluating [Bunton]." The court dismissed the case without prejudice and the state appealed.

**Statutory Request for Evaluation**

¶5 The state argues that A.R.S. § 13-4505(D) "allows a party to examine a defendant if the party thinks it necessary," regardless of the trial court's findings. Bunton counters that Rule 11, Ariz. R. Crim. P., gives the court discretion to determine whether additional examinations are necessary. We review a court's denial of a request for further evaluation for an abuse of discretion, *State v. Berger*, 171 Ariz. 117, 120, 828 P.2d 1258, 1261 (App. 1992), but review questions of statutory interpretation de novo, *State v. Stauffer*, 203 Ariz. 551, ¶ 8, 58 P.3d 33, 36 (App. 2002).

¶6 Competency proceedings are governed both by rules and statutes. *State v. Silva*, 222 Ariz. 457, ¶ 14, 216 P.3d 1203, 1206 (App. 2009). In the event of a conflict between a rule and a statute, we attempt to harmonize the two; however, we previously have determined that the rules and statutes governing competency determinations do not conflict. *Id.* ¶¶ 13, 14. And we interpret provisions of a statute consistently with other related provisions. *State ex rel. Horne v. Rivas*, 226 Ariz. 567, ¶ 9, 250 P.3d 1196, 1199 (App. 2011).

3

¶7        Section 13-4505 is entitled "Appointment of experts; costs" and sets forth the basic framework for competency examinations. It requires a trial court to appoint at least two mental health experts if there are reasonable grounds for an evaluation and provides for their compensation. § 13-4505(A), (C). It then states, "The court may order the defendant to submit to physical, neurological or psychological examinations, if necessary, to adequately determine the defendant's mental condition." § 13-4505(B). It also provides, "This section does not prohibit any party from retaining its own expert to conduct any additional examinations at its own expense." § 13-4505(D). Rule 11.3(a) contains the same general framework as the statute. The rule also states that "[t]he court may, in its discretion, appoint additional experts and order the defendant to submit to physical, neurological or psychological examinations, if necessary for an adequate determination of the defendant's mental competency." Ariz. R. Crim. P. 11.3(g).

¶8        Both the rules and statute give the trial court discretion to order the defendant to submit to necessary examinations. *See* Ariz. R. Crim. P. 11.3(g); § 13-4505(B). And although § 13-4505(D) permits both parties to retain their own experts for the purpose of conducting additional examinations, it does not require a court to order a defendant to submit to examination by such additional experts. When § 13-4505(D) is interpreted consistently with § 13-4505(B) and is harmonized with Rule 11.3, it grants the court discretion over whether to order a defendant to submit to any additional examination. Moreover, if we interpreted § 13-4505(D) as requiring the trial court to order a defendant to submit to additional examination upon any request by the state, we would be adding provisions to the statute, which we are not permitted to do. *Cf. Potter v.*

4

*Vanderpool*, 225 Ariz. 495, ¶ 13, 240 P.3d 1257, 1262 (App. 2010) (court cannot insert words into Rule 11.2). Thus, the court had discretion to reject the state's request that Bunton submit to an additional examination by the state's expert.

## Discretionary Request for Evaluation

**¶9** The state also contends, with minimal citation, that if additional examinations are discretionary, the trial court abused its discretion by not requiring Bunton to submit to an additional examination by the state's expert. We review the court's decision for an abuse of discretion, *State v. Berger*, 171 Ariz. 117, 120, 828 P.2d 1258, 1261 (App. 1992), and will affirm if it is supported by reasonable evidence, viewed in the light most favorable to upholding the court's ruling, *State v. Glassel*, 211 Ariz. 33, ¶ 27, 116 P.3d 1193, 1204 (2005).

**¶10** Rule 11.3(g), Ariz. R. Crim. P., permits a trial court to order a defendant to submit to examinations by additional experts only if necessary to properly determine the defendant's competency. Section 13-4505(B), A.R.S., also allows the court to order the defendant to submit to necessary examinations.

**¶11** Here, Streitfeld described Bunton as "severely disabled" due to a left hemisphere stroke, "unable to truly take care of himself," and "unlikely to improve to a significant degree in the foreseeable future." Streitfeld testified that all the information he had was consistent and he had not seen anything that would alter his opinion of Bunton's competency. Joseph concluded that Bunton "ha[d] almost unintelligible speech," and would be unable to "assist counsel in preparation of his defense." She also recounted that she did not "have any sense" that Bunton was malingering and that, in a

5

test requested by the trial court, Bunton's results had been "uncharacteristic of malingering." Allender testified that Bunton's expressive aphasia was "fairly severe" and that all information he had received was consistent. None of the three stated that they needed additional assistance or testing. And, although Sullivan testified that he would recommend additional testing, he declined to offer an opinion with respect to Bunton's competency because he had "not even seen any raw data on him." Sullivan further stated that he has never been certified to conduct Rule 11 evaluations in Arizona. Because all of the experts who had evaluated Bunton agreed on his level of competence, we cannot find the court abused its discretion in finding further evaluation unnecessary. *See Berger*, 171 Ariz. at 120, 828 P.2d at 1261.

**Conclusion**

¶12      For the foregoing reasons, the trial court's order of dismissal is affirmed.


/s/ *Joseph W. Howard*
JOSEPH W. HOWARD, Chief Judge

CONCURRING:

/s/ *Peter J. Eckerstrom*
PETER J. ECKERSTROM, Presiding Judge

/s/ *J. William Brammer, Jr.*
J. WILLIAM BRAMMER, JR., Judge

6