NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

---

STATE OF ARIZONA,
*Appellee*,

v.

ANDRE CLARK,
*Appellant*.

No. 1 CA-CR 19-0613
FILED 10-20-2020

---

Appeal from the Superior Court in Maricopa County
No. CR2018-156051-001
The Honorable Joseph P. Mikitish, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Brian Coffman
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Cory Engle
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge Paul J. McMurdie joined.

---

**M O R S E**, Judge:

¶1 Andre Clark ("Clark") appeals from his felony conviction and sentence for possession or use of dangerous drugs. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2 Two Phoenix police officers arrested Clark on November 17, 2018, pursuant to an outstanding warrant. The officers found a balled-up gum wrapper containing 166.5 milligrams of methamphetamine in Clark's pockets. The State charged Clark with knowingly possessing or using a dangerous drug in violation of A.R.S. §§ 13-3401, -3407, -3418, -701, -702, and -801.

¶3 Before arraignment, Clark's defense counsel requested an examination to determine his competence to stand trial under Arizona Rule of Criminal Procedure 11 ("Rule 11"). The court granted the request and ordered the appointment of two mental-health experts to conduct an examination and complete a mental-health evaluation report on Clark's competency. The two experts independently evaluated Clark and submitted reports opining that Clark was competent to stand trial. One of the experts noted that Clark had made "bizarre" statements:

> Despite the recent observations of the defendant's claims regarding the FBI, angels and demons, there is no documented support for a legitimate mental disease or defect. It seems more plausible that bizarre statements he made in the past may be due to lasting effect of illicit drugs. The defendant's refusal to cooperate with the CHS providers and assessment of competency appears to be volitional. As such, there is no reliable information to hang an opinion of incompetency to proceed at this point, and he has been found competent in the past based on actual in-person evaluations.

¶4          In April 2019, the trial court reviewed the competency reports, determined that Clark "understands the proceedings and is able to assist counsel with [his] defense[,]" and, accordingly, found that he was competent to stand trial.

¶5          Clark's jury trial took place over two days in August 2019. At times during the trial, Clark made statements indicating that he was experiencing visual hallucinations and hearing voices. Clark also made remarks suggesting paranoia about people conspiring to get him, and fixation on the date of his arrest. At one point during *voir dire*, Clark's remarks prompted the trial judge to call a bench conference to ask whether Clark's unusual statements warranted a new Rule 11 competency evaluation. Clark's defense counsel responded that "[t]he things [Clark is] saying aren't any different than what he said through the Rule 11 process, and he's been saying to me all along[,]" but added that "[t]oday is much worse than it has been for the past couple of months that I've talked to him." He further stated that Clark "still has a grasp of what's happening[,]" but "wonder[ed] what else is going on in his mind." Clark's defense counsel finished by saying that he "would be surprised if they found [Clark] not competent, but [that he was] also not that positive." Clark's defense counsel did not move for Clark to undergo a second Rule 11 examination, nor did the court order one.

¶6          The jury ultimately found Clark guilty of possession or use of dangerous drugs. The court found that Clark had three prior felony convictions and sentenced Clark as a repetitive offender to a mitigated term of six years in prison and ordered him to pay a fine.

¶7          Clark timely appealed, and we have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶8          Clark alleges the trial court abused its discretion and violated his due process rights when it did not *sua sponte* order a new competency evaluation. We review a trial court's decision failing to order *sua sponte* a competency evaluation pursuant to Rule 11 for an abuse of discretion. *State v. Kemp*, 185 Ariz. 52, 67 (1996); *see also State v. Lynch*, 225 Ariz. 27, 33, ¶ 16 (2010). We also review a trial court's determination of a defendant's competency for an abuse of discretion. *State v. Moody*, 208 Ariz. 424, 444, ¶ 55 (2004). We will affirm a trial court's decision "if it is supported by reasonable evidence, viewed in the light most favorable to upholding the

court's ruling." *State v. Bunton*, 230 Ariz. 51, 53, ¶ 9 (App. 2012) (citing *State v. Glassel*, 211 Ariz. 33, 44, ¶ 27 (2005)).

## I.    Competency Evaluation.

**¶9**        Clark argues that his hallucinations, visual disturbances, and paranoia provided reasonable grounds for the court to order *sua sponte* a new competency evaluation and the trial court abused its discretion in failing to do so.

**¶10**        "A trial judge is under a continuing duty to inquire into a defendant's competency, and to order a rule 11 examination *sua sponte* if reasonable grounds exist." *State v. Amaya-Ruiz*, 166 Ariz. 152, 162 (1990) (citing *Drope v. Missouri*, 420 U.S. 162, 181-82 (1975)). "Reasonable grounds exist when there is sufficient evidence to indicate that the defendant is not able to understand the nature of the proceedings against him and to assist in his defense." *Id.* (quotation omitted). A trial judge has "broad discretion" in determining whether reasonable grounds exist for a competency examination, *State v. Verdugo*, 112 Ariz. 288, 289 (1975), and "may rely, among other factors, on his own observations of the defendant's demeanor and ability to answer questions," *Moody*, 208 Ariz. at 443, ¶ 48. When a trial court has already determined that a defendant is competent to stand trial, "there must be some reasonable ground to justify another [competency] hearing on facts not previously presented to the trial court in order for us to say that the trial judge abused his discretion in not ordering such a hearing on his own initiative." *State v. Contreras*, 112 Ariz. 358, 360-61 (1975).

**¶11**        Clark characterizes the statements he made at trial as "facts not previously presented" to the court when it initially found Clark competent to stand trial. *See id.* The record does not support that contention. One of the mental health experts who evaluated Clark before trial noted "bizarre statements" that Clark had made in the past, and referenced Clark's "claims regarding the FBI, [and] angels and demons[.]" That expert concluded that Clark was competent to stand trial, "bizarre statements" notwithstanding.

**¶12**        Moreover, defense counsel informed the court that Clark's statements during the trial were not "any different than what he said through the Rule 11 process, and he's been saying to me all along." Because the court considered this competency report when finding Clark competent to stand trial, we cannot find that Clark's statements at trial raised new facts not previously considered. *See Lynch*, 225 Ariz. at 34, ¶ 18 (finding the trial

court did not err when it denied a request for second competency hearing when experts had already considered defendant's "delusions but concluded that they did not render him incompetent to assist in his defense"); *State v. Messier*, 114 Ariz. 522, 526-27 (App. 1977) (affirming denial of a request for second competency evaluation when "the second motion recited essentially the same facts as its predecessor").

**¶13**      But even assuming *arguendo* that Clark's unusual remarks at trial constituted new facts, we remain unpersuaded that the trial court abused its discretion by failing to find that Clark's statements were "reasonable grounds" for *sua sponte* ordering a new competency evaluation. *State v. Kuhs*, 223 Ariz. 376, 380, ¶ 13 (2010); *see also Bunton*, 230 Ariz. at 53, ¶ 9 (affirming trial court's decision "if supported by reasonable evidence"). The court was entitled to rely on the prior evaluation finding Clark competent to stand trial. *See Moody*, 208 Ariz. at 443, ¶ 48 ("[I]f a defendant has already been adjudicated competent, the court must be permitted to rely on the record supporting that previous adjudication."). Moreover, when asked by the trial judge whether Clark's statements warranted a new competency evaluation, Clark's defense counsel responded that Clark "still has a grasp of what's happening[,]" and that he "would be surprised" if a new evaluation found Clark to be incompetent. *See Bishop v. Superior Court*, 150 Ariz. 404, 408-09 (1986) ("[O]n the question of competency to comprehend the proceedings and assist the attorney, the defense lawyer is often the most cogent witness."); *see also United States v. White*, 670 F.3d 1077, 1083 (9th Cir. 2012) ("[Defense counsel's] opinion is certainly relevant to whether a trial judge must hold *sua sponte* another competency hearing.") (citation omitted).

**¶14**      Evidence in the record also shows that Clark followed the trial proceedings and actively participated in his defense. *See Kuhs*, 223 Ariz. at 380, ¶ 13. At various times, Clark proposed questions for his lawyer to ask, complained about his lawyer's failure to call two witnesses, sought to change counsel, and accused the prosecutor and defense counsel of lying. Notably, Clark's fixation on his arrest date was grounded in reality. During their testimony, officers admitted they had recorded the wrong arrest date in their reports. When asked if he wanted to testify, Clark declined because he felt that it was "not going to make a difference" and that he could not "do it because I know I'm not guilty, sir."

**¶15**      Viewing this evidence in the light most favorable to upholding the court's ruling, *Bunton*, 230 Ariz. at 53, ¶ 9, the trial court did not abuse its discretion by refraining from *sua sponte* ordering a new competency evaluation, *see State v. Mendoza-Tapia*, 229 Ariz. 224, 231, ¶ 23

5

(App. 2012) ("In determining whether reasonable grounds exist, the trial court may rely on its own observations.") (citation omitted).

## II.   Competency to Stand Trial.

**¶16**        Clark also argues that his statements at trial evidenced that he was incompetent to be tried.  We review a trial court's determination of a defendant's competency for an abuse of discretion.  *Moody*, 208 Ariz. at 444, ¶ 55.

**¶17**        Guarantees of due process under state and federal law "protect a defendant's right not to be tried or convicted while incompetent." *Amaya-Ruiz*, 166 Ariz. at 161 (quoting *Drope*, 420 U.S. at 172).  A defendant is competent if he "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and . . . has a rational as well as factual understanding of the proceedings against him."  *Dusky v. United States*, 362 U.S. 402, 402 (1960); *see also Contreras*, 112 Ariz. at 360 (stating that the *Dusky* test "is the standard incorporated by Rule 11.1"). Under Rule 11, a defendant is incompetent when he or she "is unable to understand the nature and objective of the proceedings or to assist in his or her defense because of a mental illness, defect, or disability."  Ariz. R. Crim. P.  11.1(a)(2).   But a defendant is not incompetent "merely because the defendant has a mental illness, defect, or disability."  Ariz. R. Crim. P. 11.1(b); *see Moody*, 208 Ariz. at 444, ¶ 56; *see also United States v. Ives*, 574 F.2d 1002, 1004 (9th Cir. 1978) ("[A] defendant's bizarre actions or statements, or counsel's statement that the defendant is incapable of cooperating in his own defense . . . need not alone raise sufficient doubt.").

**¶18**        Evidence in the record supports the trial court's finding that Clark was competent to stand trial.  *See supra* ¶ 13.  While Clark points to evidence indicating potential mental-health issues, he fails to demonstrate that he lacked a rational and factual understanding of the proceedings against him.  Nor does Clark show that he was unable to consult rationally with his lawyer. *See State v. Romero*, 130 Ariz. 142, 147-48 (1981) (finding no abuse of discretion in denying the motion for a competency evaluation, where there was evidence of "severe mental problems," but the record did not disclose "reasonable grounds to order such an examination").  Thus, we do not find that the trial court committed an abuse of discretion by finding Clark competent to stand trial.

**CONCLUSION**

¶**19**        We affirm the defendant's sentence and conviction.



AMY M. WOOD • Clerk of the Court
FILED:    AA